UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. _____

United States of America,

        Plaintiff,                                     **FILED UNDER SEAL**

v.

1. Evergreen Recovery Inc.;
2. Evergreen Mental Health Services Inc.;
3. Ethos Recovery Clinic Inc.
4. Second Chances Recovery Housing Inc.;
5. Second Chances Sober Living, Inc.;
6. David Backus;
7. Shawn Grygo; and
8. Shantel Magadanz,

                                    **UNITED STATES' *EX PARTE*
MOTION TO SEAL
PROCEEDINGS**

        Defendants.

The United States of America respectfully requests that this Court enter an order sealing the entire docket and file in this matter until the United States notifies the Court that it has perfected service of process on Defendants of a Temporary Restraining Order. Having this case placed under seal until service of process is perfected is necessary because of the nature of the relief requested herein.

Defendants are engaged in a healthcare fraud scheme that has resulted in at least $28 million in losses to the Medicaid program. As described more fully in the United States' accompanying Complaint and TRO Motion, Defendants have devised a scheme to defraud the United States, the State of Minnesota, and private MCOs (collectively, "Medicaid") by billing Medicaid for substance abuse treatment services not provided in violation of 18 U.S.C. § 1347. Defendants have also conspired to commit offenses against

the United States by engaging in an illegal and fraudulent kickback scheme in violation of 42 U.S.C. § 1320a-7b.

The TRO the United States seeks aims to freeze all of Defendants' assets – including proceeds of their Medicaid fraud—so those assets will be available for recovery by the United States in either a civil or criminal action. If the Complaint or any other filings in this action were to be disclosed, Defendants would be alerted and have an opportunity to further dissipate or hide the very assets the TRO seeks to preserve, thus defeating the purpose of this injunctive action. Furthermore, in order to preserve Defendants' assets, the United States needs time to serve the TRO on relevant financial institutions of which it is already aware before serving the order on Defendants. Keeping the entire docket under seal will help facilitate this effort.

Notably, courts in this and other jurisdictions have temporarily sealed injunctions granted pursuant to 18 U.S.C. § 1345. *See, e.g.*, *United States v. Kern*, No. 2:18-cv-283 (D. Nev. 2018); *United States v. Levashov*, No. 3:17-cv-74 (D. Alaska 2017); *United States v. Gray*, No. 4:15-cv-1580 (W.D. Mo. 2015); *United States v. Bogachev*, No. 14-cv-0685 (W.D. Pa. 2014); *United States v. Carrasco*, No. 1:13-cv-22253 (S.D. Fl. 2013); *United States v. Petters*, Case No. 08-cv-05348 (D. Minn. 2008); *United States v. Payment Processing Ctr.*, No. 2:06-cv-725 (E.D. Pa. 2006).

The United States anticipates that it will serve the TRO and associated filings in this action no later than July 30, 2024. Thus, the United States seeks a seal of this entire action and all filings only until it can complete service on Defendants and notify the Court that it has done so. The United States requests that the Order not prohibit disclosure of the lawsuit

of the lawsuit by the parties to the extent necessary to prepare for and effectuate service and execution of the proposed Temporary Restraining Order.

A proposed order is attached to this Motion.

Dated: July 25, 2024

ANDREW M. LUGER
United States Attorney

*s/ Emily M. Peterson*

BY: EMILY M. PETERSON
Assistant U.S. Attorney
Attorney ID No. 0395218
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Emily.Peterson@usdoj.gov
(612) 664-5600

Attorneys for United States of America