UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 0:24-sc-02944-KMM-JFD

United States of America,

                    Plaintiff,                                **FILED UNDER SEAL**

        v.

                                                                **TEMPORARY**
Evergreen Recovery Inc.,                          **RESTRAINING ORDER**
Evergreen Mental Health Services Inc.,
Ethos Recovery Clinic Inc.,
Second Chances Recovery Housing Inc.,
Second Chances Sober Living, Inc.,
David Backus,
Shawn Grygo, and
Shantel Magadanz,

                    Defendants.


        Pursuant to 18 U.S.C. § 1345 and Federal Rule of Civil Procedure 65, Plaintiff

United States of America filed a Complaint for Permanent Injunction and Other Equitable

Relief and moved *ex parte* for a Temporary Restraining Order.

## FINDINGS OF FACT

        The Court has considered the United States' Complaint for Permanent Injunction

and Other Equitable Relief; the Motion for an *Ex Parte* Temporary Restraining Order and

Other Equitable Relief; the Memorandum of Law filed in support thereof; the Affidavit of

FBI Special Agent Kurt Beulke; and all other papers filed herein, and it appears to the

satisfaction of the Court that:

        (1)        The Court has jurisdiction over the subject matter of this case, and there is

good cause to believe that the Court has jurisdiction over the parties;

(2)     Venue lies properly with the Court;

(3)     The Court makes a preliminary finding based on the record before it that is more likely than not that the Defendants have conspired to commit offenses against the United States by engaging in an illegal and fraudulent scheme to bill Medicaid for substance abuse treatment services not provided in violation of 18 U.S.C. § 1347;

(4)     The Court also finds, based on the *ex parte* record before it, that the government has met the preponderance of the evidence threshold to show that Defendants have conspired to commit offenses against the United States by engaging in an illegal and fraudulent kickback scheme in violation of 42 U.S.C. § 1320a-7b;

(5)     There is substantial reason to believe that immediate and irreparable harm will result from the dissipation of Defendants' assets absent entry of this Temporary Restraining Order and that, absent entry of this Temporary Restraining Order, assets will not be available to recover as damages pursuant to a civil suit, civil penalties, or for restitution to victims and/or forfeiture;

(6)     It is more likely than not, based on the information now before the Court, that the amount traceable to Defendants' fraudulent conspiracy is at least $28 million;

(7)     Pursuant to Federal Rule of Civil Procedure 65(b), there is good cause for issuing this Temporary Restraining Order without prior notice to Defendants;

(8)     Weighing the equities and considering the United States' likelihood of success, this Temporary Restraining Order is in the public interest; and

(9)     Pursuant to Federal Rule of Civil Procedure 65(c) and 18 U.S.C. § 1345(a)(3), no security is required of the United States for issuance of this Temporary

Restraining Order.

**IT IS THEREFORE ORDERED** that:

(1)    Defendants; their agents, including financial and banking institutions and other entities having possession or control of Defendants' assets; their officers; all persons in active concert or participating with Defendants in their affairs; and their employees are hereby temporarily restrained and enjoined

      a.    from transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, or otherwise disposing of any funds, property, artwork, coins, precious metals, jewelry, contracts, share of stock, or other assets, wherever located, that are: (a) owned or controlled by Defendants, in whole or in part; or (b) in the actual or constructive possession of Defendants; or (c) owned, controlled by, or in the actual or constructive possession of any entity that is directly or indirectly owned, managed, controlled by, or under common control with Defendants, including, but not limited to, any assets up to and including $28 million held by or for Defendants in any account at any bank or financial institution, or with any broker-dealer, escrow agent, title company, commodity trading company, previous metal dealer, or other financial institution of any kind;

      b.    from opening or causing to be opened any safe deposit boxes or storge facilities titled in the name of any Defendant, or subject to access by any Defendant or under their control, without providing the United States

prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Complaint;

 c. from conditioning their clients' residence in Second Chances Sober Living Homes or other homes for which Defendants pay rent or other remuneration to a third-party on enrollment in Evergreen Recovery or Ethos Recovery Clinic drug treatment programs; and

 d. from closing any Second Chances Sober Living or affiliated residence, or from evicting or seeking to evict or otherwise end the provision of housing to Defendants' clients living in Second Chances Sober Living or affiliated residences based on financial or other monetary concerns, without advanced notice to the United States.

(2) Defendants, within seven (7) business days, are required to provide the United States a complete list of all Second Chances Sober Living or affiliated residences and all persons living in these houses as of the date of this Order.

(3) Defendants, their agents, employees, attorneys, and all persons acting in concert and participation them are further ordered to provide the following to the United States, within seven (7) business days, a list of all financial institutions, including but not limited to banks and brokerage houses, at which all Defendants currently maintain or have maintained savings, checking, or other accounts in the previous four (4) years; savings, checking, or any other kind of account or other safe deposit box into which money has been deposited in Defendants' names or in the names of their agents, employees, officers, persons acting in concert with them, or any business names under which they operated,

together with the number or other designation of each such account or box.

(4)     Defendants are further required to fully comply with the Minnesota statutory schemes by which their operations are governed, including but not limited to requirements that Defendants: (a) provide the Minnesota Department of Human Services with full access to their premises, records, employees, and clients pursuant to Minn. Stat. § 245A.04, subd. 5; (b) maintain client health and safety and protect client rights pursuant to Minn. Stat. § 245G.15; (c) ensure that employees are not subject to retaliation for engaging in good-faith communications with the Minnesota Department of Human Services or law enforcement about client rights, health, or safety pursuant to Minn. Stat. § 24513, subd. 1(1); (d) comply with all specified requirements related to client records outlined in Minn. Stat. § 245G.09; and (e) comply with all requirements requiring treatment service and treatment coordination and coordinate, as applicable, with probation officers, county workers, guardians and other required persons as necessary to ensure treatment coordination.

(5)     To the extent Defendants intend to cease operations, they are required to (a) follow all requirements of their service termination policies pursuant to Minn. Stat. § 245G.14 and (b) plan for transfer of clients and records upon closure as outlined in Minn. Stat. § 245GA.04, section 15a, including but not limited to notifying affected clients of the closure at least 25 days prior to closure and providing clients with information on how to access their records.

(6)     Between the date of the service of a Temporary Restraining Order on Defendants and a hearing on a preliminary injunction, to be held on August 8, 2024, the

United States and Defendants can agree to unfreeze accounts necessary for the continuing payment of employees and continuation of treatment services until the Court considers the appointment of a receiver pursuant to 18 U.S.C. § 1345(a)(2)(B)(ii).

(7)     A hearing will be held on this matter on August 8, 2024, at 9:00 a.m., before the undersigned in Courtroom 14W of the Minneapolis Federal Courthouse. At that time, the Court will consider whether to issue a Preliminary Injunction in this matter. Once service has been accomplished, counsel must contract the Court to propose a briefing schedule.

(8)     This Order shall remain in effect until 11:59 p.m. on August 8, 2024, unless otherwise ordered by this Court.

Date:   July 25, 2024                                    *s/Katherine M. Menendez*
                                                        Katherine M. Menendez
                                                        United States District Judge