UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 0:24-cv-02944-KMM-JFD

United States of America,

        Plaintiff,

     v.

| | | |
|---|---|---|
| 1. | Evergreen Recovery Inc.; | **[PROPOSED] ORDER FOR ENTRY OF PRELIMINARY INJUNCTION, ORDER APPOINTING RECEIVER, AND OTHER EQUITABLE RELIEF** |
| 2. | Evergreen Mental Health Services Inc.; | |
| 3. | Ethos Recovery Clinic Inc. | |
| 4. | Second Chances Recovery Housing Inc.; | |
| 5. | Second Chances Sober Living, Inc.; | |
| 6. | David Backus; | |
| 7. | Shawn Grygo; and | |
| 8. | Shantel Magadanz, | |

        Defendants.

Pursuant to 18 U.S.C. § 1345 and Federal Rule of Civil Procedure 65, Plaintiff United States of America filed a Complaint for Permanent Injunction and Other Equitable Relief, ECF No. 1, and moved for an *ex parte* Temporary Restraining Order ("TRO") and Other Equitable Relief, ECF No. 5. The Court issued an *ex parte* TRO on July 25, 2024, ECF No. 11. The United States moved for the entry of a Preliminary Injunction on August 2, 2024.

## **FINDINGS OF FACT**

Based upon the files, records, and proceedings in this matter, the Court makes the following Findings of Fact:

1.    The Court has jurisdiction over the subject matter of this case and jurisdiction over the parties.

2.      Venue lies properly with the Court.

3.      Defendants have received the United States' Complaint for Permanent Injunction and Other Equitable Relief, dated July 25, 2024, and the Court's *ex parte* Temporary Restraining Order, dated July 25, 2024.

4.      It is more likely than not that the Defendants have conspired to commit offenses against the United States by engaging in an illegal and fraudulent scheme to bill Medicaid for substance abuse treatment services not provided in violation of 18 U.S.C. § 1347.

5.      It is more likely than not that Defendants have conspired to commit offenses against the United States by engaging in an illegal and fraudulent kickback scheme in violation of 42 U.S.C. § 1320a-7b.

6.      There is substantial reason to believe immediate and irreparable harm will result from the dissipation of Defendants' assets absent entry of this Preliminary Injunction and that, absent entry of this Temporary Restraining Order, assets will not be available to recover as damages pursuant to a civil suit, civil penalties, or for restitution to victims and/or forfeiture.

7.      It is more likely than not that the amount traceable to Defendant's fraudulent conspiracy is at least $28 million.

8.      The United States is likely to succeed on the merits of its Complaint for Permanent Injunction and Other Equitable Relief.

9.      Weighing the equities and considering the United States' likelihood of success in its cause of action, this Preliminary Injunction and Order is in the public interest.

2

10.     No security is required of the United States for issuance of a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(c) and 18 U.S.C. § 1345(a)(3).

## I.    Asset Freeze

IT IS THEREFORE ORDERED that Defendants Evergreen Recovery Inc., Evergreen Mental Health Services Inc., Ethos Recovery Clinic Inc., Second Chances Recovery Housing Inc., and Second Chances Sober Living, Inc. (collectively, the "Evergreen Entities") as well as David Backus, Shawn Grygo, and Shantel Magadanz (collectively, the "Individual Defendants"); and any affiliates, subsidiaries, divisions, successors, or assigns owned 100% or controlled by the foregoing; their agents; including financial and banking institutions and other entities having possession or control of the Evergreen Entities and/or the Individual Defendants' assets; their officers; their employees; and all persons in active concert or participating with the Evergreen Entities and/or the Individual Defendants in their affairs are hereby restrained and enjoined;

A.     from withdrawing or transferring up to and including $28 million that is on deposit with or held on the behalf of the Evergreen Entities and/or the Individual Defendants by any financial or banking institution, trust fund, brokerage agency, or other financial agency, public or private, unless specifically authorized by Order of this Court;

B.     from transferring, selling, assigning, dissipating, concealing, encumbering, impairing, or otherwise disposing of, in any manner, assets in real or personal property, owned, gained, or acquired by the Evergreen Entities or Individual Defendants up to and

including $28 million, unless specifically authorized by Order of this Court; and

C.      from opening or causing to be opened any safe deposit boxes or storage facilities titled in the name of the Evergreen Entities and/or the Individual Defendants, or subject to access by the Evergreen Entities and/or the Individual Defendants or under their control, without providing the United States prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Preliminary Injunction, unless specifically authorized by Order of this Court.

IT IS FURTHER ORDERED that all assets, including bank accounts, of the Evergreen Entities and/or the Individual Defendants are deemed to be property of the Receivership and subject to the exclusive administration by the Receiver, as detailed in this Preliminary Injunction and Order.

## II.      Duties of Third Parties Holding the Evergreen Entities and/or the Individual Defendants' Assets, Including Financial Institutions

IT IS FURTHER ORDERED that any financial or brokerage institution, bank, business entity, or person having possession, custody, or control of any account, safe deposit box, or other asset of any of the Evergreen Entities and/or the Individual Defendants shall:

A.      Hold and retain within its control and prohibit the transfer, encumbrance, pledge, assignment, removal, withdrawal, dissipation, sale, or other disposal of any such account or other asset, except:

1.      for transfers or withdrawals directed by the Receiver for those assets over which the Receiver has control pursuant to this Order or any Order of this

4

Court; or

      2.      by further order of this Court;

B.      Deny access to any safe deposit box titled in the name of the Evergreen Entities and/or the Individual Defendants or otherwise subject to access by the Evergreen Entities and/or the Individual Defendants;

C.      Provide to the Receiver, appointed herein, within ten (10) business days of notice of this Preliminary Injunction and Order, a statement setting forth:

      1.      The identification of each account or asset titled in the name of any and all Evergreen Entities and/or Individual Defendants;

      2.      The balance of each account or a description of the nature and value of each asset under the name of any and all Evergreen Entities and/or Individual Defendants as hereinafter defined; and

      3.      The identification of any safe deposit box or storage facility that is either titled in the name of or subject to access by each of the Evergreen Entities and/or the Individual Defendants.

D.      Allow the Receiver immediate access to inspect or copy any records or other documentation pertaining to such account or asset owned or controlled by each of the Evergreen Entities and/or the Individual Defendants, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

Any such financial institution, account custodian, or other aforementioned entity may arrange for the Receiver to obtain copies of any such records which the Receiver seeks, provided that such institution or custodian may charge a reasonable fee not to exceed twenty five (25) cents per page copied;

E.      At the direction of the Receiver, and without further order of this Court, convert any stocks, bonds, options, mutual funds, or other securities owned by each of the Evergreen Entities and/or the Individual Defendants; and

F.      Cooperate with all reasonable requests of the Receiver relating to implementation of this Preliminary Injunction and Order, including transferring funds at the Receiver's direction and producing records related to all accounts owned by each of the Evergreen Entities and/or the Individual Defendants.

### III.      Recordkeeping and Business Operations

IT IS THEREFORE ORDERED that the Evergreen Entities and/or the Individual Defendants; their agents, including financial and banking institutions and other entities having possession or control of the Evergreen Entities and/or the Individual Defendants' assets; their officers; their employees; and all persons in active concert or participating with the Evergreen Entities and/or the Individual Defendants in their affairs are hereby restrained and enjoined from:

A.      Failing to maintain all business, corporate, foundation, banking, financial, and/or accounting records in their possession that could be material to this cause of action;

B.      Altering any business, corporate, foundation, banking, financial, and/or accounting record in their possession that could be material to this cause of action; and

6

C.      Disposing of any business, corporate, foundation, banking, financial, and/or accounting records in their possession that could be material to this cause of action.

## IV.    Receivership

### A.    Appointment of a Receiver

IT IS FURTHER ORDERED that [Name] is appointed Receiver for the Evergreen Entities with the full power of an equity Receiver. The Receiver shall solely be the agent of this Court in acting as Receiver under this Order and shall have judicial immunity.  The Receiver shall be accountable directly to this Court and shall comply with any local rules of this Court governing receivers, as well as the Federal Rules of Civil Procedure.

### B.    Receivership Powers and Duties

IT IS FURTHER ORDERED that the Receiver is directed and authorized and given all necessary powers to accomplish the following:

1.      Assume full and exclusive control of the operations of the Evergreen Entities removing, as the Receiver deems necessary or advisable, any director,  officer, independent  contractor, employee, or agent of the Evergreen Entities from control of, management of, or participation in, the business affairs of each of the Evergreen Entities;

2.      Take exclusive immediate custody, control, and possession of all the property, assets, and estate belonging to or in the possession, custody, or under the control of the Evergreen Entities, wherever situated, except those assets seized by the United States pursuant to valid orders of a court.  The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets of the Evergreen Entities and other persons or entities whose interests are now held by or under the direction,

possession, custody, or control of the Evergreen Entities;

3.     Take all steps necessary or desirable to secure the business or individual premises of the Evergreen Entities and/or Individual Defendants. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable: (a) completing a written inventory of all assets; (b) obtaining pertinent information from all employees and other agents and all accrued and unpaid commissions and compensation of each such employee or agent; (c) videotaping all portions of the above-referenced locations; (d) securing the above-referenced business locations by changing the locks and disconnecting any computer moderns or other means of access to the computer or other records maintained at the locations;

4.     Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Evergreen Entities, including but not limited to obtaining an accounting of the assets, preventing transfer, withdrawal, or misapplication of assets and including but not limited to filing any bankruptcy petitions for any of the Evergreen Entities and acting as management or Debtor in Possession of any of the Evergreen Entities so filed by the Receiver, and to appear and be heard in any bankruptcy of any of the Evergreen Entities not filed by the Receiver;

5.     Manage, administer, and conduct the operations of the Evergreen Entities, until further Order of this Court, by performing all incidental acts that the Receiver deems to be advisable or necessary;

6.     Choose, engage, and employ attorneys, accountants, appraisers, property

managers, and other independent contractors and technical specialists or other professionals, with regard to the operations of the Evergreen Entities, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Preliminary Injunction and Order, provided, however, that the retention of any such outside agents is subject to Court approval if the expense exceeds $10,000;

7.      Defend, compromise, or settle legal actions wherein the Receiver or any of the Evergreen Entities is a party commenced prior to or subsequent to this Order with the authorization of this Court. The Receiver may waive any attorney-client privilege held by any of the Evergreen Entities.

8.      Collect income and make payments and disbursements from the receivership estate, including payroll for the Evergreen Entities, that are necessary or advisable for carrying out the directions of or exercising the authority granted by this Preliminary Injunction and Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Evergreen Entities, prior to the date of entry of this Preliminary Injunction and Order, except payments that the Receiver deems necessary or advisable to secure assets or operations of each of the Evergreen Entities, including but not limited to rental payments, employee wages, critical vendors, etc.;

9.      Transition any unlawful or unlicensed operations, such as the Evergreen Entities' sober homes, into lawful operations or initiate dissolution of the operation in an orderly manner and in coordination with governmental agencies, including but not limited to the Minnesota Department of Human Services and the Minnesota Department of Health;

10.     Maintain accurate records of all receipts and expenditures that the Receiver

makes as the Receiver under this Order; and

11.     Prepare and submit reports as requested by the Court.

12.     The Receiver shall have control over and be added as the sole authorized signatory for all accounts in receivership, including all accounts at any bank, title company, escrow agent, or financial institution which has possession, custody or control of any assets or funds.

13.     The Receiver shall have the power and authority to perform any other act necessary or desirable to accomplish any of the foregoing.

## C.     Compensation of Receiver

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Preliminary Injunction and Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Evergreen Entities and/or the Individual Defendants.  The Receiver shall file with the Court and serve on the Evergreen Entities, periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Preliminary Injunction and Order. Neither the Receiver nor the Receivers' professionals shall increase the hourly rates used as the bases for such fee applications without twenty (20) days prior notice filed with the Court.

## D.     Receiver's Bond

IT IS FURTHER ORDERED that the Receiver shall file with the Clerk of this Court

a bond in the sum of $100,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court direction.

## V.    Jurisdiction

IT IS FURTHER ORDERED that (1) the Court shall retain exclusive jurisdiction of this matter for all purposes; and (2) civil discovery in the above-captioned matter is stayed during the pendency of the Preliminary Injunction.

Dated:

_____
The Honorable Katherine M. Menendez
United States District Judge

11