UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 24-cv-2944 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER FOR ENTRY OF PRELIMINARY INJUNCTION, ORDER APPOINTING RECEIVER, AND OTHER EQUITABLE RELIEF** |
| Evergreen Recovery Inc., Evergreen Mental Health Services Inc., Ethos Recovery Clinic Inc., Second Chances Recovery Housing Inc., Second Chances Sober Living, Inc., David Backus, Shawn Grygo, and Shantel Magadanz, | |
| Defendants. | |

Pursuant to 18 U.S.C. § 1345 and Federal Rule of Civil Procedure 65, Plaintiff United States of America filed a Complaint for Permanent Injunction and Other Equitable Relief, ECF No. 1, and moved for an *ex parte* Temporary Restraining Order ("TRO") and Other Equitable Relief, ECF No. 5. The Court issued an *ex parte* TRO on July 25, 2024. ECF No. 11. That TRO was extended for one day with the agreement of the parties on August 8, 2024. ECF No. 42. The TRO will expire at 11:59 p.m. on August 9, 2024. *Id*.

The United States moved for the entry of a Preliminary Injunction on August 2, 2024. ECF No. 21. The Court held a hearing on that motion on August 9, 2024. The parties agreed that the Court could make the necessary factual determinations based on the documentary record before the Court, including the Affidavit of Special Agent Kurt

Beulke, submitted in support of the original TRO. *See* ECF No. 2. The defendants have offered neither evidence nor argument to counter the facts set forth in the government's filings but do not concede that a fraud has been committed.

## FINDINGS OF FACT

Based upon the files, records, and proceedings in this matter, the Court makes the following Findings of Fact:

1. The Court has jurisdiction over the subject matter of this case and jurisdiction over the parties.

2. Venue lies properly with the Court.

3. Defendants have received the United States' Complaint for Permanent Injunction and Other Equitable Relief, dated July 25, 2024, and the Court's *ex parte* Temporary Restraining Order, dated July 25, 2024.

4. Based on the record before the Court, the Court concludes that it is more likely than not that the Defendants have conspired to commit offenses against the United States by engaging in an illegal and fraudulent scheme to bill Medicaid for substance abuse treatment services not provided in violation of 18 U.S.C. § 1347.

5. Based on the record before the Court, the Court concludes that it is more likely than not that Defendants have conspired to commit offenses against the United States by engaging in an illegal and fraudulent kickback scheme in violation of 42 U.S.C. § 1320a-7b.

6. There is substantial reason to believe immediate and irreparable harm will result from the dissipation of Defendants' assets absent entry of this Preliminary Injunction

and that, absent entry of this Preliminary Injunction, remaining assets might not be available to recover as restitution to victims, or to make whole creditors to the defendant entities, including former employees of the Evergreen entities who have not been paid in weeks or months. In addition, any remaining assets would be unavailable for forfeiture or to cover possible civil or criminal penalties or fines.

7.  It is more likely than not that the amount traceable to Defendant's fraudulent conspiracy is at least $28 million.

8.  The United States is likely to succeed on the merits of its Complaint for Permanent Injunction and Other Equitable Relief.

9.  Weighing the equities and considering the United States' likelihood of success in its cause of action, this Preliminary Injunction and Order is in the public interest. The Court finds that the provisions of this Order and particularly the appointment of a receiver are the only way to address the substantial difficulties created by the alleged fraud and the resulting collapse of the Evergreen entities.

10. No security is required of the United States for issuance of a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(c) and 18 U.S.C. § 1345(a)(3).

## I. Asset Freeze

IT IS THEREFORE ORDERED that Defendants Evergreen Recovery Inc., Evergreen Mental Health Services Inc., Ethos Recovery Clinic Inc., Second Chances Recovery Housing Inc., and Second Chances Sober Living, Inc. (collectively, the "Evergreen Entities") as well as David Backus, Shawn Grygo, and Shantel Magadanz (collectively the "Individual Defendants"); and any affiliates, subsidiaries, divisions,

successors, or assigns owned 100% or controlled by the foregoing; their agents; including financial and banking institutions and other entities having possession or control of the Evergreen Entities and/or the Individual Defendants' assets; their officers; their employees; and all persons in active concert or participating with the Evergreen Entities and/or the Individual Defendants in their affairs are hereby restrained and enjoined:

  **A.** from withdrawing or transferring up to and including $28 million that is on deposit with or held on the behalf of the Evergreen Entities and/or the Individual Defendants by any financial or banking institution, trust fund, brokerage agency, or other financial agency, public or private, unless specifically authorized by Order of this Court, except as provided in paragraph D and E, below;

  **B.** from transferring, selling, assigning, dissipating, concealing, encumbering, impairing, or otherwise disposing of, in any manner, assets in real or personal property, owned, gained, or acquired by the Evergreen Entities or Individual Defendants up to and including $28 million, unless specifically authorized by Order of this Court; and

  **C.** from opening or causing to be opened any safe deposit boxes or storage facilities titled in the name of the Evergreen Entities and/or the Individual Defendants, or accessible by the Evergreen Entities and/or the Individual Defendants or under their control, without providing the United States prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Preliminary Injunction, unless specifically authorized by Order of this Court.

  **D.** A Wells Fargo checking account and a Wells Fargo savings account held by Magadanz, account numbers ending in 9445 and 7722, respectively, with balances currently known to the United States, shall be exempt from any asset freeze. During the pendency of this Preliminary Injunction, Magadanz may spend no more than $5,500 a month from this account (or from another account if the funds from this account are moved) to support the reasonable living expenses of her immediate family. Magadanz or the United States may petition the Court for a change in this monthly allotment upon a material change in circumstances. Such a material change could include Ms. Magadanz or her spouse securing employment, in which case the United States can seek to reduce or eliminate her access to the remaining funds from these accounts;

  **E.** A Wells Fargo checking account held by Ms. Grygo jointly with her mother, account number ending in 1023, shall be exempt from any asset freeze, with the understanding that Ms. Grygo will not have continuing access to this account or its contents.

  IT IS FURTHER ORDERED that all assets, including but not limited to bank accounts, of the Evergreen Entities are deemed to be property of the Receivership (the "Receivership Estate") and subject to the exclusive administration by the Receiver, as detailed in this Preliminary Injunction and Order.

## II. Duties of Third Parties Holding the Evergreen Entities and/or the Individual Defendants' Assets, Including Financial Institutions

  IT IS FURTHER ORDERED that any financial or brokerage institution, bank, business entity, or person having possession, custody, or control of any account, safe deposit box, or other asset of any of the Evergreen Entities and/or the Owner Defendants

shall:

 A. Hold and retain within its control and prohibit the transfer, encumbrance, pledge, assignment, removal, withdrawal, dissipation, sale, or other disposal of any such account or other asset, except:

  1. for transfers or withdrawals directed by the Receiver for those assets over which the Receiver has control pursuant to this Order or any Order of this Court;

  2. by further order of this Court;

 B. Deny access to any safe deposit box titled in the name of the Evergreen Entities and/or the Individual Defendants or otherwise accessible by the Evergreen Entities and/or the Individual Defendants;

 C. Provide to the Receiver, appointed herein, within ten (10) business days of notice of this Preliminary Injunction and Order, a statement setting forth:

  1. The identification of each account or asset titled in the name of any and all Evergreen Entities and/or Individual Defendants;

  2. The balance of each account or a description of the nature and value of each asset under the name of any and all Evergreen Entities and/or Individual Defendants as hereinafter defined; and

  3. The identification of any safe deposit box or storage facility that is either titled in the name of or accessible by any of the Evergreen Entities and/or the Individual Defendants.

D. Allow the Receiver immediate access to inspect or copy any records or other documentation pertaining to such account or asset owned or controlled by any of the Evergreen Entities and/or the Individual Defendants, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. Any such financial institution, account custodian, or other aforementioned entity may arrange for the Receiver to obtain copies of any such records which the Receiver seeks, provided that such institution or custodian may charge a reasonable fee not to exceed twenty five (25) cents per page copied;

E. At the direction of the Receiver, and without further order of this Court, convert any stocks, bonds, options, mutual funds, or other securities owned by any of the Evergreen Entities and/or the Individual Defendants; and

F. Cooperate with all reasonable requests of the Receiver relating to implementation of this Preliminary Injunction and Order, including transferring funds at the Receiver's direction and producing records related to all accounts owned by any of the Evergreen Entities and/or the Individual Defendants.

### III.     Recordkeeping and Business Operations

IT IS THEREFORE ORDERED that the Evergreen Entities and/or the Individual Defendants; their agents, including financial and banking institutions and other entities having possession or control of the Evergreen Entities and/or the Individual Defendants' assets; their officers; their employees; and all persons in active concert or participating

with the Evergreen Entities and/or the Individual Defendants in their affairs are hereby restrained and enjoined from:

  A. Failing to maintain all business, corporate, foundation, banking, financial, and/or accounting records in their possession that could be material to this cause of action;

  B. Altering any business, corporate, foundation, banking, financial, and/or accounting record in their possession that could be material to this cause of action; and

  C. Disposing of any business, corporate, foundation, banking, financial, and/or accounting records in their possession that could be material to this cause of action.

### IV. Receivership

**A. Appointment of a Receiver**

IT IS FURTHER ORDERED that Ranelle Leier, of Fox Rothschild LLP, is appointed Receiver for the Evergreen Entities with the full power of an equity Receiver. The Receiver shall solely be the agent of this Court in acting as Receiver under this Order and shall have judicial immunity. The Receiver shall be accountable directly to this Court and shall comply with any local rules of this Court governing receivers, as well as the Federal Rules of Civil Procedure.

**B. Receivership Powers and Duties**

IT IS FURTHER ORDERED that the Receiver is directed and authorized and given all necessary powers to accomplish the following in connection with the winding down of the Evergreen Entities' operations:

  1. Assume full and exclusive control of the operations of the Evergreen Entities removing, as the Receiver deems necessary or advisable, any director, officer,

independent contractor, employee, or agent of the Evergreen Entities from control of, management of, or participation in, the business affairs of any of the Evergreen Entities;

2. Take exclusive immediate custody, control, and possession of all the property, assets, and estate belonging to or in the possession, custody, or under the control of the Evergreen Entities, wherever situated, except those assets seized by the United States pursuant to valid orders of a court. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets of the Evergreen Entities and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Evergreen Entities. The Receiver may, at her discretion, attempt to locate and secure additional assets belonging to the Evergreen Entities or the Individual Defendants that have previously been undiscovered;

3. Take all steps necessary or desirable to secure the business or individual premises of the Evergreen Entities. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable: (a) completing a written inventory of all assets; (b) obtaining pertinent information from all employees and other agents and all accrued and unpaid commissions and compensation of each such employee or agent; (c) videotaping all portions of the above-referenced locations; (d) securing the above-referenced business locations by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the locations;

4. Conserve, hold, and manage all assets of the Receivership Estate, and perform all acts necessary or advisable to preserve the value of those assets in order to

prevent any irreparable loss, damage, or injury to consumers or creditors of the Evergreen Entities, including but not limited to obtaining an accounting of the assets, preventing transfer, withdrawal, or misapplication of assets and including but not limited to filing any bankruptcy petitions for any of the Evergreen Entities and acting as management or Debtor in Possession of any of the Evergreen Entities so filed by the Receiver, and to appear and be heard in any bankruptcy of any of the Evergreen Entities not filed by the Receiver;

5. Manage, administer, and conduct the operations of the Evergreen Entities, until further Order of this Court, by performing all incidental acts that the Receiver deems to be advisable or necessary, except that this provision should not be interpreted to empower the Receiver to re-open or attempt to operate the Evergreen Entities as an ongoing concern;

6. Choose, engage, and employ attorneys, accountants, appraisers, property managers, and other independent contractors and technical specialists or other professionals, with regard to the operations of the Evergreen Entities, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Preliminary Injunction and Order, provided, however, that the retention of any such outside agents is subject to Court approval if the expense exceeds $5,000;

7. Defend, compromise, or settle legal actions wherein the Receiver or any of the Evergreen Entities is a party commenced prior to or subsequent to this Order with the authorization of this Court. The Receiver may waive any attorney-client privilege held by any of the Evergreen Entities.

8. Collect income and make payments and disbursements from the

Receivership Estate that are necessary or advisable for carrying out the directions of or exercising the authority granted by this Preliminary Injunction and Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Evergreen Entities, prior to the date of entry of this Preliminary Injunction and Order, except payments that the Receiver deems necessary or advisable to secure assets or operations of any of the Evergreen Entities, including but not limited to rental payments, employee wages, critical vendors, etc.;

9. Arrange for the monthly payment of a single home mortgage and related fees as agreed to by the parties to serve as the primary residence of Ms. Grygo and Mr. Backus.

10. Initiate dissolution of the operation in an orderly manner and in coordination with governmental agencies, including but not limited to the Minnesota Department of Human Services, the Minnesota Department of Health, and county social service agencies;

11. Provide records as needed to those other governmental agencies, including lists of patients, patient records, list of sober-home residents, and lists of employees;

12. Maintain accurate records of all receipts and expenditures that the Receiver makes as the Receiver under this Order; and

13. Prepare and submit reports as requested by the Court and meet with the Court as necessary.

14. The Receiver shall have control over and be added as the sole authorized signatory for all accounts in receivership, including all accounts at any bank, title company, escrow agent, or financial institution which has possession, custody or control of any assets or funds in the Receivership Estate.

15. The Receiver shall have the power and authority to perform any other act necessary or desirable to accomplish any of the foregoing.

### C. Compensation of Receiver

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Preliminary Injunction and Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Evergreen Entities and/or the Individual Defendants. The Court and the receiver shall work together to ensure that the Receiver's compensation and expenses are commensurate with the value of the assets of the estate. The Receiver shall file with the Court and serve on the Evergreen Entities, periodic requests for the payment of such reasonable compensation, with the first such request filed no more than thirty (30) days after the date of this Preliminary Injunction and Order. Neither the Receiver nor the Receivers' professionals shall increase the hourly rates used as the bases for such fee applications without twenty (20) days prior notice filed with the Court

### D. Receiver's Bond

IT IS HEREBY ORDERED that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court direction. Under Minnesota law a receiver shall post a bond "in the sum, nature, and with the conditions that the court shall order in its discretion." *Morgan Stanley Smith Barney LLC v. Johnson*, No. CV 17-1101 (PAM/TNL), 2018 WL 4654711, at *3 (D. Minn. Sept. 27, 2018) (quoting Minn. Stat. §

576.27). The Court notes that Ms. Leier, in acting for and with the Court, will act as an officer of the Court. Ms. Leier is also a member of the bar in good standing with significant experience in this area. Therefore, in lieu of a monetary bond, the Receiver shall file with the clerk of Court a letter attesting that she will comply with the terms of this Order and will well and truly perform the duties of the office of Receiver and perform such lawful acts as the Court directs.

## V.     Jurisdiction

IT IS FURTHER ORDERED that (1) the Court shall retain exclusive jurisdiction of this matter for all purposes; and (2) civil discovery in the above-captioned matter is stayed during the pendency of the Preliminary Injunction.

Date: August 9, 2024                                                   *s/ Katherine M. Menendez*
                                                                                       Katherine M. Menendez
                                                                                       United States District Judge