# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.

Evergreen Recovery Inc.,
Evergreen Mental Health Services Inc.,
Ethos Recovery Clinic Inc.,
Second Chances Recovery Housing Inc.,
Second Chances Sober Living, Inc.,
David Backus,
Shawn Grygo, and
Shantel Magadanz,

        Defendants.

No. 24-cv-2944 (KMM/JFD)

**BRIEFING ORDER**
**ON MOTION TO WITHDRAW**
**AS COUNSEL**

---

Attorney Manda Sertich, lead counsel for Ms. Grygo and the Evergreen-entity defendants (the "Represented Parties"), has moved to withdraw, pursuant to Local Rule 83.7(c), citing "good cause" based on financial concerns about her clients' ability to pay for her representation and due to the preliminary stage of this litigation. *See* ECF 48 (Mot. to Withdraw). This Court has substantial discretion in determining whether to allow counsel to withdraw. *See Steward v. Sims*, No. 21-1565, 2022 WL 16489, at *1 (8th Cir. Jan. 3, 2022) (per curiam) (citing *Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir. 1994)). As here, when no attorney will remain to represent their clients and no counsel will substitute for them, attorneys who wish to withdraw from a case must file a motion seeking leave to withdraw, demonstrate "good cause" for the request, and provide their clients notice of the motion. D. Minn. LR 83.7(c). Whether there is "good cause" for counsel's withdrawal

"'must be evaluated on a case-by-case basis, and determined by examining the reasons proffered for the asserted need to withdraw.'" *Stemlit Growers, LLC v. J&J Distr. Co.*, Civ. No. 21-931 (MJD/BRT), 2021 WL 7286085, at \*1 (D. Minn. Nov. 24, 2021) (quoting *Cabo Holdings, LLC v. Englehart*, Civ. No. 07-3524 (PJS/RLE), 2008 WL 4831757, at \*4 (D. Minn. Nov. 3, 2008)).

"The District of Minnesota has adopted the Minnesota Rules of Professional Conduct as the standards governing lawyers who appear in its courts." *Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 549 (8th Cir. 2016) (citing D. Minn. LR 83.6(a)). If the requirements of the District's Local Rule governing withdrawal without substitution and the Minnesota Rules of Professional Conduct are satisfied, "'withdrawal is presumptively appropriate.'" *Sanford*, 816 F.3d at 549–50 (quoting *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009)). "The presumption favoring withdrawal . . . should be disregarded, however, if it would severely prejudice the client or third parties." *Id.* at 550.

Before ruling on the motion, the Court will first provide the government, the Represented Parties, or any third party, with the opportunity to oppose or otherwise take a position on Ms. Sertich's motion to withdraw, including whether good cause exists for her withdrawal or whether prejudice would result to any party.

The Court therefore enters the following **ORDER**:

1. Any opposition to or other position on the pending motion to withdraw shall be filed by **noon (12:00 p.m.) on August 19, 2024**. Any such filing shall not exceed 10 pages, double spaced.

2.   Ms. Sertich may file a response of the same length **by noon on August 21**. Alternatively, Ms. Sertich may inform the Court via e-mail if she does not intend to file a reply.

3.   Ms. Sertich remains as counsel for the Represented Parties until the Court rules on the pending motion. *See* Minn. R. Prof'l Conduct 1.16(c). She shall serve a copy of this Order on Ms. Grygo and Mr. Backus as quickly as practicable.


Date: August 14, 2024                              *s/Katherine Menendez*
                                                   Katherine Menendez
                                                   United States District Judge