# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 24-cv-2944 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER ON MOTION TO WITHDRAW AS COUNSEL** |
| Evergreen Recovery Inc., Evergreen Mental Health Services Inc., Ethos Recovery Clinic Inc., Second Chances Recovery Housing Inc., Second Chances Sober Living, Inc., David Backus, Shawn Grygo, and Shantel Magadanz, | |
| Defendants. | |

Before the Court is a motion by Attorney Manda Sertich, lead counsel for Ms. Grygo and the Evergreen-entity defendants (the "Represented Parties"), to withdraw from this matter, pursuant to Local Rule 83.7(c). Ms. Sertich cites "good cause" based on financial concerns about her clients' ability to pay for her representation and due to the preliminary stage of this litigation. *See* ECF 48 (Mot. to Withdraw).

This Court has substantial discretion in determining whether to allow counsel to withdraw. *See Steward v. Sims*, No. 21-1565, 2022 WL 16489, at *1 (8th Cir. Jan. 3, 2022) (per curiam) (citing *Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir. 1994)). As here, when no attorney will remain to represent their clients and no counsel will substitute for them, attorneys who wish to withdraw from a case must file a motion seeking leave to withdraw, demonstrate "good cause" for the request, and provide their clients notice of the motion.

D. Minn. LR 83.7(c). Whether there is "good cause" for counsel's withdrawal "'must be evaluated on a case-by-case basis, and determined by examining the reasons proffered for the asserted need to withdraw.'" *Stemlit Growers, LLC v. J&J Distr. Co.*, Civ. No. 21-931 (MJD/BRT), 2021 WL 7286085, at *1 (D. Minn. Nov. 24, 2021) (quoting *Cabo Holdings, LLC v. Englehart*, Civ. No. 07-3524 (PJS/RLE), 2008 WL 4831757, at *4 (D. Minn. Nov. 3, 2008)).

"The District of Minnesota has adopted the Minnesota Rules of Professional Conduct as the standards governing lawyers who appear in its courts." *Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 549 (8th Cir. 2016) (citing D. Minn. LR 83.6(a)). If the requirements of the District's Local Rule governing withdrawal without substitution and the Minnesota Rules of Professional Conduct are satisfied, "'withdrawal is presumptively appropriate.'" *Sanford*, 816 F.3d at 549–50 (quoting *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009)). "The presumption favoring withdrawal . . . should be disregarded, however, if it would severely prejudice the client or third parties." *Id.* at 550.

Previously, the Court directed the parties and certain third parties to file any opposition to Ms. Sertich's motion by August 19, 2024. ECF 50. The government has since indicated that it does oppose her withdrawal. *See* ECF 52. Defendant Ms. Grygo[1] submitted a letter to the Court stating her concerns about proceeding in this matter without representation, generally describing the hardships posed to her and her husband by this litigation, and making various defenses against the government's allegations. *See* ECF 51.

---

[1] The letter appears to be also submitted on behalf of Defendant David Backus. Mr. Backus is presently unrepresented in this matter.

Based on these submissions and subsequent communications with Ms. Sertich, the Court concludes that good cause exists for her withdrawal and that no party has rebutted the presumption that is appropriate for her to do so by a showing of severe prejudice. Specifically, the Court concludes that Ms. Sertich has fulfilled the requirements of the representation agreement she entered into with the Represented Parties by providing her services as counsel through the entry of a preliminary injunction in this matter; that the appointed receiver is facilitating the winding-down of the corporate entities in this matter; that Ms. Sertich has adequately described a breakdown in communications between herself and the Represented Parties that justifies her withdrawal; and that Ms. Sertich has articulated a reasonable basis to believe that she will not be paid for further representation of the Defendants.

Accordingly, Ms. Sertich's Motion to Withdraw (ECF 48) is **GRANTED**.

Date: August 23, 2024

*s/Katherine Menendez*
Katherine Menendez
United States District Judge