UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 0:24-cv-02944-KMM-JFD

United States of America,

                Plaintiff,

v.                                                                                          **RESPONSE**

1. Evergreen Recovery Inc.;
2. Evergreen Mental Health Services Inc.;
3. Ethos Recovery Clinic Inc.
4. Second Chances Recovery Housing Inc.;
5. Second Chances Sober Living, Inc.;
6. David Backus;
7. Shawn Grygo; and
8. Shantel Magadanz,

                Defendants.

On August 9, 2024, this Court entered an order enjoining Defendants from transferring, selling, assigning, dissipating, concealing, encumbering, impairing, or otherwise disposing of, in any manner, assets in real or personal property, owned, gained, or acquired by [them] up to and including $28 million, unless specifically authorized by Order of this Court . . . ". (ECF No. 44 at § I.B, hereinafter the "Injunction"). On or about September 27, 2024, Defendants Grygo and Backus made a request to the Court to lift the injunctive freeze on certain assets. (ECF No. 56). The United States hereby submits this response to their request outlining its position regarding the specific assets at issue and more generally as to requests of this type.

The United States understands Defendants Grygo and Backus's request to pertain only to the following assets[1]:

      a. 1 2023 Premier Pontoon

      b. 1 Georgetown 2023 Forest RV

      c. 2 Can-Am 2021 Outlander 570 Four Wheelers

      d. 1 Can-Am 2021 Outlander 850 Four Wheeler

      e. 1 2020 Yamaha Kodiak Four Wheeler

The United States further understands that the request is for permission under Section I.B of this Court's Injunction to release the assets from the freeze and sell them. The United States does not oppose the request as long as appropriate guardrails are in place to ensure maximum value of the assets is preserved to serve the purpose of the Injunction: "to recover [funds that can be used] as restitution to victims." Injunction, Findings of Fact at ¶ 6.

The United States does not oppose an arms-length sale to a third party for market value with the proceeds deposited into a court registry account for determination at a later date what percentage, if any, should be paid to Defendants Grygo and Backus for living expenses.

First, Defendants should provide sufficiently detailed identifying information for each asset that the United States and this Court can ensure a reasonable sales price for

---

[1] Defendants' request does not contain complete identifying information for these assets, including make, model, year, and VIN. The description herein is the United States' understanding, but lacks precision.

each asset.  This includes make, model, year, and VIN of each vehicle.  Defendants should also provide proof of ownership and any financing arrangement applicable to any of the vehicles.  This will ensure that the Court can properly assess the reasonableness of the sales price for the assets.

 Second, Defendants should provide the Court with information ensuring that the sale is to an unrelated third-party on the open market.  The United States would not oppose a sale through a third-party dealership.

 Third, the United States also requests that any order approving the sale require that the proceeds of any such sale be deposited directly from the purchaser into a Court registry account.  Once identified, the United States respectfully requests that an order be issued to the purchaser for the proceeds to be turned over directly to the Clerk of Court.

 Finally, Defendants Grygo and Backus have indicated that they would like to use the proceeds of the sale of these assets for living expenses.  The United States, again, would not oppose that relief to the extent that guardrails are in place.  The IRS standards

for living expenses for a family of four in Washington County, Minnesota are as follows:

| IRS Standards, Washington County, MN | |
|---|---|
| Category | Amount |
| Transportation[2] | $863 |
| Housing[3] | $3,047 |
| Household Expenses (food, clothing, etc.)[4] | $2,027 |
| Out of pocket healthcare[5] | $332 |
| **Total** | **$6,269** |

The United States respectfully submits that this Court should consider both the IRS standards and the total value that results from the sale of these assets before determining whether to release any of the proceeds of such sale to Defendants Grygo and Backus. The United States will not oppose a reasonable request by Defendants Grygo and Backus, but believes they have submitted insufficient information to the Court to justify an order for living expenses at this time.

---

[2] IRS Local Standards Transportation, *available at* https://www.irs.gov/businesses/small-businesses-self-employed/local-standards-transportation
[3] IRS Local Standards, Housing and Utilities, *available at* https://www.irs.gov/businesses/small-businesses-self-employed/minnesota-local-standards-housing-and-utilities
[4] IRS National Standards, Food, Clothing and Other Items, *available at* https://www.irs.gov/businesses/small-businesses-self-employed/national-standards-food-clothing-and-other-items
[5] IRS Standards, Out-of-pocket Healthcare expenses, *available at* https://www.irs.gov/businesses/small-businesses-self-employed/national-standards-out-of-pocket-health-care

Respectfully submitted,

Dated:  October 1, 2024                                   ANDREW M. LUGER
                                                          United States Attorney

                                                          *s/  Ana H. Voss*
                                                          BY:  ANA H. VOSS
                                                          Assistant U.S. Attorney
                                                          Attorney ID No.  483656DC
                                                          600 United States Courthouse
                                                          300 South Fourth Street
                                                          Minneapolis, MN 55415
                                                          Phone:  612-664-5600
                                                          Email: Ana.Voss@usdoj.gov