UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Court File No. 24-cv-2944 (KMM/JFD) |
| Plaintiff, | |
| v. | **STATUS REPORT OF RECEIVER** |
| Evergreen Recovery Inc., Evergreen Mental Health Services Inc., Ethos Recovery Clinic Inc., Second Chances Recovery Housing Inc., Second Chances Sober Living, Inc., David Backus, Shawn Grygo, and Shantel Magadanz, | |
| Defendants. | |

Receiver Ranelle Leier (the "Receiver") was appointed on August 9, 2024 pursuant to the Court's Order for Entry of Preliminary Injunction, Order Appointing Receiver, and Other Equitable Relief [Dkt. No. 44] ("Receivership Order"). She was appointed as the Receiver for Defendants Evergreen Recovery Inc., Evergreen Mental Health Services Inc., Ethos Recovery Clinic Inc., Second Chances Recovery Housing Inc., and Second Chances Sober Living, Inc. (collectively, the "Receivership Entities"). Since her appointment, the Receiver has spent significant time addressing matters related to the Receivership. The Receiver submits the following Status Report summarizing such activities.

Identifying and Securing Receivership Assets

The initial activity of the Receiver focused on identifying and securing the assets that are subject to the Receivership Order. The Receiver contacted all banks and financial institutions identified by the U.S. Attorney's Office as having accounts in the

names of the Receivership Entities to inform them of the asset freeze set forth in the Receivership Order as well as her appointment as the Receiver. She also provided them with copies of the Receivership Order. All funds held in the name of the Receivership Entities were transferred into a new bank account controlled solely by the Receiver. The Receiver has also worked with the U.S. Attorney's Office in an attempt to identify any other bank accounts or liquid assets subject to the Receivership Order.

Receivership Funds

The current balance in the Receivership account is approximately $575,000.00. To date, the Receiver has not paid any bills or other creditor claims related to the Receivership Entities that were either incurred or owed prior to her appointment. The only payments made from the Receivership account have been: (1) monthly payment of the mortgage on the primary residence of Shawn Grygo and David Backus pursuant to Section IV.B.9. of the Receivership Order, and (2) payment of fees owed to the payroll company engaged by the Receiver to prepare the 2024 W-2 tax forms for employees of the Receivership Entities.

The Receiver has also compiled information related to the debts and other outstanding payment obligations of the Receivership Entities. The debts owed by the Receivership Entities far outweigh the funds available in the Receivership account. For example, the Minnesota Department of Labor and Industry ("MDLI") has issued a Compliance Order against certain Receivership Entities and Defendants David Backus and Shawn Grygo individually related to unpaid wages to employees of the Receivership Entities. The Compliance Order calculates back wages owed to these employees at over

$1.1 million, not including MDLI's calculation of additional damages and penalties. The amount of back wages set forth in the Compliance Order alone is almost double the amount of money currently in the Receivership account. The claims of landlords, vendors, and other service providers of the Receivership Entities total well over $1 million. The Receiver continues to compile creditor claims against the Receivership Entities. Given the large delta between available assets and claimed liabilities, at this time the Receiver has not conducted an in-depth review of these claims to confirm their accuracy.

<u>Properties Being Rented by the Receivership Entities</u>

The Receiver has conducted inspections of the properties from which the Receivership Entities were operating, *inter alia*, in an attempt to identify any property owned by the Receivership Entities that may be sold to provide additional funds to the Receivership or returned to vendors to avoid additional liabilities. The Receiver also has had discussions with companies interested in purchasing assets of the Receivership Entities, including renting the premises from which the Receivership Entities were operating. These efforts continue.

The Receiver has communicated with numerous landlords that were renting rooms and/or houses to the Receivership Entities for use by their clients. The landlords have provided information regarding their lease agreements with the Receivership Entities and outstanding rent due to them. The Receiver provided these landlords with a list of resources prepared by the Minnesota Department of Human Services to provide to the

tenants. To the extent requested, the Receiver has executed lease termination agreements with landlords in order to allow them to enter into new lease agreements.

### Communications with State and Local Agencies

The Receiver has had numerous communications with the Minnesota Department of Human Service, the Minnesota Department of Health, and county social services agencies to discuss the operations of the Receivership Entities and options for alternative services for the Receivership Entity clients.

The Receiver and others in her office have had significant interactions with the MDLI to compile employee information and calculate unpaid wages. As noted above, MDLI has issued a Compliance Order to certain Receivership Entities for unpaid wages. There have been numerous conversations between the Receiver and MDLI related to the calculation of the unpaid wages. Given the state of the records of the Receivership Entities, the Receiver and others in her office have compared the calculations of MDLI with information available from Defendant Evergreen Recovery Inc.'s electronic business records and from the payroll company used by Evergreen Recovery Inc. to process employee payroll payments to ensure the completeness and accuracy of these calculations.

### Additional Communications

The Receiver and others in her office have had numerous conversations with employees of the Receivership Entities related to unpaid wages and other concerns. The Receiver has also reviewed information from employees related to claims unpaid wages. To the extent employees have provided information regarding additional potential assets

4

of Defendants, the Receiver has investigated that information and/or discussed it with the U.S. Attorney's Office as appropriate. The Receiver had also engaged the payroll company for the Receivership Entities to prepare 2024 W-2 tax forms and provide them to employees.

In order to keep the Court apprised of the Receiver's activities, the Receiver has had periodic status calls with the Court. The Receiver has also had periodic calls with the U.S. Attorney's Office in order to discuss status and share relevant information.

Motion for Distribution of Funds

The Receiver is preparing a motion for a partial distribution of unpaid wages to employees of the Receivership Entities. Given the limited funds available, the proposed distribution amount will represent a partial payment of the wages owed to employees in order to preserve sufficient funds in the Receivership account. It is anticipated that the motion will be filed by April 15.

* * * * *

The Receiver is cognizant of the limited assets available in the Receivership and the need to conserve assets in order to maximize the funds available to those persons impacted by the alleged misconduct of Defendants. The Receiver will continue to balance this reality with her obligations under the Receivership Order.

Dated: March 28, 2025　　　　　　　　**FOX ROTHSCHILD LLP**

*/s/ Ranelle Leier*
Ranelle Leier
City Center
33 South Sixth Street
Suite 3600
Minneapolis, MN 55402
Tel:   612.607.7000
Fax:  612.607.7100
rleier@foxrothschild.com
Receiver for Evergreen Recovery Inc., Evergreen Mental Health Services Inc., Ethos Recovery Clinic Inc., Second Chances Recovery Housing Inc., Second Chances Sober Living, Inc.

6

170016317.1