UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 0:24-cv-02944-KMM-JFD

United States of America,

    Plaintiff,

  v.

Evergreen Recovery Inc.;
Evergreen Mental Health Services Inc.;
Ethos Recovery Clinic Inc.;
Second Chances Recovery Housing Inc.;
Second Chances Sober Living, Inc.;
David Backus;
Shawn Grygo; and
Shantel Magadanz,

    Defendants.

**UNITED STATES' MEMORANDUM IN RESPONSE TO RECEIVER'S MOTION FOR PARTIAL DISTRIBUTION OF RECEIVERSHIP FUNDS**

## INTRODUCTION

Plaintiff United States of America (United States) submits this memorandum in response to the Receiver's Motion For Partial Distribution of Receivership Funds filed on October 3, 2025 (Dkt. No. 68). Since the receivership was established last year, a criminal Indictment was filed in this District against Defendants Grygo and Magadanz, along with an additional Defendant associated with Evergreen, Heather Heim. *See United States of America v. Shawn Grygo, Shantel Magadanz, and Heather Heim*, 24-cr-00337-KMM-JFD. Under the circumstances of this receivership, the United States does not object to the Receiver's motion to make a partial distribution of receivership funds to pay the Evergreen entity employees pursuant to a state wage order. The United States respectfully requests that the remaining assets be distributed to the United States as set forth below.

## BACKGROUND

On July 25, 2024, the United States filed a Complaint under 18 U.S.C. § 1345 seeking a permanent injunction and other equitable relief against eight Defendants—two Evergreen entities, two Second Chances entities, Ethos Recovery Clinic, Inc., and individual Defendants David Backus, Shawn Grygo, and Shantel Magadanz. *See* Dkt. No. 1. Alleging that the Defendants were perpetrating a scheme to defraud the Medicaid program, including by billing the program for substance use disorder treatment services they did not provide, the United States sought to freeze the Defendants' assets and enjoin their unlawful behavior. *See id.*

The United States' Complaint was supported by the Affidavit of FBI Special Agent Kurt Beulke. *See* Dkt. No. 2. The Affidavit referenced parallel criminal and civil investigations regarding Evergreen and its associates and laid out the basis for probable cause to believe that Defendants were engaged in health care fraud. *Id.* The Affidavit described how the individual Defendants appeared to be personally profiting as a result of the fraud, while, in contrast, Evergreen Recovery had not consistently paid its employees. *Id.* at ¶¶ 56-61.

On July 25, 2024, the Court issued an ex parte Temporary Restraining Order at the government's request and, on August 9, 2024, a Preliminary Injunction freezing the Defendants' assets and ordering other equitable relief. *See* Dkt. Nos. 11, 44. The Court's Preliminary Injunction Order noted that "absent entry of this Preliminary Injunction, remaining assets might not be available to recover as restitution to victims, or to make whole creditors to the defendant entities, including former employees of the Evergreen

entities who have not been paid in weeks or months. In addition, any remaining assets would be unavailable for forfeiture or to cover possible civil or criminal penalties or fines." *See* Dkt. No. 44 at 2-3. The Court appointed the Receiver to take control of the Defendant entities and collect and manage their assets. *See id.* at 8-12.

On December 18, 2024, the United States filed a criminal Indictment in this District against Defendants Shawn Grygo and Shantel Magadanz, in addition to Heather Heim – all individuals associated with the Evergreen entities. *See United States of America v. Shawn Grygo, et al.*, 24-cr-00337-KMM-JFD. On October 21, 2025, Shantel Magadanz and Heather Heim pled guilty to conspiracy to commit wire fraud in connection with their fraudulent billing practices at Evergreen. *Id*. Dkt. Nos. 79-82.

On October 21, 2025, following the government's notice of declination and request for unsealing filed on October 20, 2025, the Court unsealed the docket in *United States of America and the State of Minnesota, ex rel. Patrick Johnson v. Evergreen Recovery, Inc.*, 23-cv-2533-JWB-DJF (D. Minn.). *See id.* Dkt. No. 29. While, after the criminal Indictment, the government declined to intervene in the civil case against Evergreen under the False Claims Act, the case remains pending and is being conducted by the qui tam relator, with the government remaining as a party in interest. *See* 31 U.S.C. § 3730(b)(4), (c)(3).

## ANALYSIS

The United States does not object to the proposed partial distribution of receivership assets to Evergreen employees for outstanding wages. The Receiver is best situated to derive and propose a methodology for distribution to those employees, so the United States does not take a position on that methodology. The United States respectfully requests that assets remaining in the receivership (minus fees for the Receiver and the payroll service implementing a wage distribution) be distributed to the United States for forfeiture in the criminal case based on the federal priority statute, 31 U.S.C. § 3713.

I.  **THE UNITED STATES DOES NOT OBJECT TO THE PROPOSED WAGE DISTRIBUTION.**

The United States does not object to the Receiver's proposed distribution to Evergreen entity employees pursuant to the Minnesota Department of Labor and Industry wage order. The United States has not been provided with the wage order but understands that it was submitted to the Court in camera for review and confirmation. When the United States sought the asset freeze injunction in this action, it noted that the Defendants had not consistently paid their employees as one reason to freeze the assets. *See* Dkt. No. 2 at ¶¶ 56-61. The Court noted this interest, as well, in its Preliminary Injunction Order. *See* Dkt. No. 44 at 2-3. The receivership is a creature of both statute and equity, and as a matter of both, the United States does not object to a partial distribution to pay employees wages they are owed based on a Minnesota Department of Labor and Industry wage order following an audit. *See* 18 U.S.C. § 1345(b); *United States Securities and Exchange Comm'n v. Quan*, 870 F.3d 754, 762 (8th Cir. 2017).

4

The Receiver's motion sets forth a pro rata distribution plan. The government does not take a position on this aspect of the Receiver's motion, as the Receiver and the Court are best situated to make that determination based on the full record, including the state wage order.[1] The government notes that it appreciates the work of the Receiver, and has no reason to doubt the accuracy of the proposed distribution.

## II. THE REMAINING ASSETS SHOULD BE DISTRIBUTED TO THE UNITED STATES UNDER THE FEDERAL PRIORITY STATUTE.

The government respectfully requests that the Court order distribution to the United States of any remaining funds in the receivership after necessary Receiver fees and payroll company fees to implement a partial wage distribution are paid.

The federal priority statute, 31 U.S.C. § 3713, provides: "A claim of the United States Government shall be paid first when-- (A) a person indebted to the Government is insolvent and-- … (iii) an act of bankruptcy is committed…." 31 U.S.C. § 3713(a)(1)(A)(iii). The priority statute is construed liberally in favor of the United States to further its purpose of securing revenue to pay public debts. *See e.g., United States v. Moore*, 423 U.S. 77, 81-82 (1975) ("the priority proceeds from motives of public policy, in order to secure an adequate revenue to sustain the public bur[dens] and discharge the public debts…."); *Bliss v. United States*, 44 F.2d 909, 911 (8th Cir. 1930).

Here, according to the Receiver, the debts of the Evergreen entities eclipse the assets in the receivership, making them insolvent. *See* Dkt. No. 70 ("The debts owed by the

---

[1] The Receiver's distribution plan appropriately does not propose that any of the individual Defendants in this case or the related criminal case receive a wage distribution.

5

Receivership Entities far outweigh the Receivership Funds."). *See also e.g., People of State of Ill. ex rel. Gordon v. Campbell*, 329 U.S. 362, 369-70 (1946) ("the record demonstrates that the debtor was insolvent at the time of the appointment of the receiver, for when its property was liquidated there was not enough to satisfy the claims of the two contesting creditors at the bar."). And the Court's appointment of the Receiver to take broad control of the affairs of the Evergreen entities constitutes an "act of bankruptcy" under 31 U.S.C. § 3713(a)(1)(A)(iii). *See e.g., United States v. Emory*, 314 U.S. 423, 426 (1941); *Campbell*, 329 U.S. at 369. Accordingly, the United States has priority over other creditors to the distribution of remaining assets in the receivership.

The United States is proceeding with a criminal Indictment in *United States v. Grygo, et al.*, 24-cr-00337, a case in which two of the criminal defendants have now pled guilty. That Indictment, which is based on fraudulent conduct by Evergreen associates that also necessitated this action, contains criminal forfeiture allegations under 18 U.S.C. § 982 and 21 U.S.C. § 853(p). *See* 24-cr-337, Dkt. Nos. 1, 52. The remaining receivership assets should, therefore, be distributed to the United States to be held as part of the property the United States alleges is subject to forfeiture in the Indictment. This is a purpose the Court expressly recognized in its Preliminary Injunction Order. *See* Dkt. No. 44 at 2-3. The government requests that the remaining assets be held by the Receiver pending resolution of the third defendant's (Grygo) liability in the criminal case. The government will then make the appropriate request for distribution of remaining assets to the United States at that time.

## **CONCLUSION**

The government does not oppose the partial wage distribution the Receiver proposes. The government respectfully requests that receivership assets remaining after any wage distribution and payment of the Receiver's and payroll company fees be distributed to the United States at the appropriate time for inclusion in its forfeiture allegations in the criminal case.

Dated: October 24, 2025                                   DANIEL N. ROSEN
                                                                              United States Attorney

                                                                              *s/ Ann M. Bildtsen*

                                                                              BY: ANN MARIE BILDTSEN
                                                                              Assistant U.S. Attorney
                                                                              Attorney ID Number 271494
                                                                              600 United States Courthouse
                                                                              300 South Fourth Street
                                                                              Minneapolis, MN 55415
                                                                              Phone: 612-664-5600
                                                                              Email: Ann.Bildtsen@usdoj.gov
                                                                              Attorneys for the United States