UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | No. 24-cv-2944 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Evergreen Recovery Inc., Evergreen Mental Health Services Inc., Ethos Recovery Clinic Inc., Second Chances Recovery Housing Inc., Second Chances Sober Living, Inc., David Backus, Shawn Grygo, and Shantel Magadanz, | |
| Defendants. | |

---

This matter is before the Court on Receiver's Motion for Partial Distribution of Receivership Funds. (Dkt. No. 68.) On August 9, 2024, the Court appointed the Receiver, Ranelle Leier, attorney, to act as an agent of the Court in executing the steps outlined in the Order for Entry of Preliminary Injunction to secure and manage the receivership. (Dkt. No. 44.) Since then, the Receiver has worked diligently to collect assets, identify creditors, and gather information about the 131 former employees whom Evergreen failed to pay in the weeks ahead of the receivership. The Receiver now seeks authority to disburse a portion of the collected assets to these former employees. Under the proposed partial distribution plan, former employees of the receivership entities would receive a pro rata share of the $250,000 distribution amount based on their unpaid wages, subject to a cap of $3,000 per person. (Dkt. No. 72 at 2.)

District courts have "broad equitable power" in approving a distribution plan for receivership assets. *SEC v. Quan*, 870 F.3d 754, 762 (8th Cir. 2017) (quotation omitted). When reviewing a proposed distribution plan, a district court's "primary job . . . is to ensure that the proposed plan . . . is fair and reasonable." *Id.* (quotation omitted).

Leading up to the hearing, the Court did not receive any objections, written or otherwise, to the Receiver's proposed plan outlining allocation of the receivership funds.[1] The Motion was filed more than six weeks ahead of the hearing, giving Evergreen creditors and other interested parties ample time to oppose the proposal. Additionally, although the Receiver fielded inquiries from former employees, she also did not receive any opposition to the proposal. Instead, the written comments the Receiver provided with the motion described the hardship experienced by several of the former employees who missed their paychecks. At the motion hearing, several employees addressed the Court with questions and described their frustration about not receiving their unpaid wages in full. They also expressed their belief that the anticipated payouts should not be taxed because all applicable taxes had already been withheld from them. But no one spoke at the hearing against the partial distribution plan itself.[2]

---

[1] Plaintiff United States of America does not object to the Motion. (Dkt. No. 73 at 4.)

[2] Following the hearing, the Court received an additional communication by email. In it, a former employee opposed the partial distribution because it did not fully compensate her for lost wages and additional costs from her missed paychecks. Again, the focus was on the insufficiency of the available funds rather than the allocation of those funds.

As much as the Court shares their frustration, the employees' comments speak to the limits of the receivership fund, but don't provide a basis for denying the Receiver's proposed allocation. *See id.* (focusing on whether a distribution plan is "fair and reasonable"). The inadequacy of the receivership's assets limits the Court's ability to make former employees and other creditors whole, but it should not prevent at least some relief.

Under the circumstances, the Court concludes that the Receiver's proposed distribution plan is fair and reasonable. The plan prioritizes repayments to employees who worked without pay, and the proposed pro rata distribution and a cap ensure that all employees receive some payment. The Court therefore approves the plan submitted by the Receiver with the following modifications. (*See* Dkt. No. 71-1 (proposed payout amounts).) First, as discussed at the motion hearing, the payout amounts for the several employees whose proposed distributions (capped) slightly exceed $3,000 must be adjusted accordingly: no former employee should receive more than $3,000 in this distribution. Second, the Receiver is instructed to communicate with the payroll company that will be processing and distributing the payouts to ensure that the distributions are correctly taxed, and that no employee's payout is subject to improper "double taxation."

Before concluding, the Court reiterates that the proposed distribution plan, including the wage cap, should not be construed as limiting Evergreen's liabilities to its creditors and former employees. The plan, which falls far short of making these individuals and entities whole, is approved as a reasonable distribution of woefully inadequate funds.

## ORDER

**IT IS HEREBY ORDERED THAT** the Motion for Partial Distribution of Receivership Funds is **GRANTED**, subject to the modifications outlined above.

Date: December 1, 2025

*s/Katherine Menendez*
Katherine Menendez
United States District Judge

4