UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Court File No.  24-cv-2944 (KMM/JFD) |
| Plaintiff, | |
| v. | **RECEIVER'S RESPONSE TO UNITED STATES' MOTION FOR DISTRIBUTION OF REMAINING RECEIVERSHIP FUNDS** |
| Evergreen Recovery Inc., Evergreen Mental Health Services Inc., Ethos Recovery Clinic Inc., Second Chances Recovery Housing Inc., Second Chances Sober Living, Inc., David Backus, Shawn Grygo, and Shantel Magadanz, | |
| Defendants. | |

The Court's Order dated April 15, 2026 (Dkt. 81) requires the Receiver to file any competing proposal for distribution of the remaining Receivership assets by May 21, 2026. Pursuant to that Order, the Receiver submits this memorandum in response to Plaintiff United States of America's ("Plaintiff" or "United States") Motion for Distribution of Remaining Receivership Funds.  (Dkt. No. 84.)

The Receiver has reviewed Plaintiff's Motion and does not object to the United States' proposed distribution.  As the Receiver has previously informed the Court, the debts owed by the Receivership Entities far outweigh the funds held in the Receivership account. (Dkt. No. 70.)  In addition, after the Court-approved partial distribution to the former employees of Evergreen Recovery Inc. and Ethos Recovery Clinic Inc. is complete and the Receivership fees and expenses are paid, limited funds will remain in the Receivership

account, particularly in comparison to the claims of the creditors of the Receivership Entities.

The Receiver does not believe a further distribution to former employees or a distribution to the other creditors of the Receivership Entities is warranted.  Given the limited remaining Receivership funds, the costs associated with proposing a second distribution to the former employees, obtaining Court approval of such plan, and effectuating the plan (if approved by the Court) are not an efficient use of the remaining Receivership funds and would result in only a small additional payment to the former employees.  Likewise, the cost to evaluate the validity of the claims of the other Receivership Entity creditors submitted to the Receiver and to propose, obtain approval for, and execute a distribution to these creditors would result in a very small pro rata percentage of such creditors' claims being paid.  The Receiver does not believe that this is a good use of the remaining Receivership funds.

As such, the Receiver does not object to the remaining Receivership funds – after payment of the Receivership fees and expenses and the completion of the partial distribution to former employees – being distributed to the United States.

**Additional Updates Regarding the Receivership**

By way of further update to the Receiver's Status Report dated April 29, 2026 (Dkt. No. 82), the Receiver has resolved the unemployment tax account issue with the Arizona Department of Economic Security, and the payroll processing company has issued checks to the two former employees located in Arizona.  As such, 130 of the 131 former employees authorized to receive distribution payments under the Court's Order dated December 1,

2025 (Dkt. No. 79) have received their distribution checks.  The one remaining former employee still has not returned his completed state and federal W-4 forms, despite continued efforts to obtain them.

All partial distribution checks issued to the former employees have been cashed except for one.  The Receiver has requested that the Minnesota Department of Labor and Industry reach out to that former employee to confirm the check was received and will be cashed shortly.

Pursuant to Section IV.B. of the Court's Order for Entry of Preliminary Injunction, Order Appointing Receiver, and Other Equitable Relief (Dkt. No. 44), the Receiver continues to make the monthly mortgage payment, currently in the amount of $3,442.64, for the primary residence of Defendants Grygo and Backus from the Receivership funds. Further, the Receiver continues to hold $61,250 in the Receivership account, representing the excess funds from the Court-approved sale of certain personal assets of Defendants Grygo and Backus less certain monthly living expense payments.  (Dkt. Nos. 59; 62; 63.)

The Receiver respectfully requests that any order from the Court regarding the distribution of the remaining Receivership funds also address the Receiver's obligation to make monthly mortgage payments and the funds being held by the Receiver from the Court-approved sale of certain assets of Defendants Grygo and Backus.

3

Dated: May 21, 2026

**FOX ROTHSCHILD LLP**

*/s/ Ranelle Leier*

Ranelle Leier
City Center
33 South Sixth Street
Suite 3600
Minneapolis, MN 55402
Tel:  612.607.7000
Fax:  612.607.7100
rleier@foxrothschild.com

Receiver for Evergreen Recovery Inc.,
Evergreen Mental Health Services Inc.,
Ethos Recovery Clinic Inc., Second
Chances Recovery Housing Inc., Second
Chances Sober Living, Inc.

4