**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

          Plaintiff,

v.

Evergreen Recovery Inc.,
Evergreen Mental Health Services Inc.,
Ethos Recovery Clinic Inc.,
Second Chances Recovery Housing Inc.,
Second Chances Sober Living, Inc.,
David Backus,
Shawn Grygo, and
Shantel Magadanz,

          Defendants.

Case No. 24-cv-2944 (KMM/JFD)

**ORDER**

The assets of the defendants have been part of a court receivership since August 9, 2024 [ECF 44], with attorney Ranelle Leier serving as receiver.  There has been one distribution of assets [ECF 79] partially compensating former employees of the Evergreen entities for unpaid wages. The debts of the Evergreen entities considerably exceed the remaining assets, and have done so since the beginning of the receivership.  The United States has filed a motion seeking the distribution of the remaining assets to itself, a proposal the receiver largely supports. [ECF 84 and 89]

Although the Court set a deadline of July 7, 2026, for any defendant in this matter or any interested party to file an opposition to the proposed distribution to the government, nothing has been filed to date.  However, Mr. Backus and the Evergreen entities have recently retained counsel, and have been in discussions with the government about a final

resolution of the receivership.  The Court recently held a status conference with those parties to discuss these matters. [ECF 104][1]

At the status conference, two matters were primarily discussed.  First, counsel for Mr. Backus advised that his client told him there is a $25 million certificate of deposit (CD) that either is or should be included within the receivership assets.  Counsel had no further information about this matter, and neither the receiver nor counsel for the government were aware of any such certificate of deposit or similar account held anywhere.  Indeed, $25 million vastly exceeds the assets that the receiver was able to identify in this matter, despite all assets of the defendants being frozen by Court order. Although defendants, including Mr. Backus, were Ordered to disclose all of their assets to the United States [ECF 11, Pg. 4 ¶3], no party disclosed the CD at issue.  Counsel for Mr. Backus encouraged the Court to order discovery from his client, including a deposition under oath, to get additional information about this asset.

Second, counsel and the Court discussed the upcoming criminal trial of defendant Shawn Grygo, and its possible impact on the government's motion to receive the remaining assets.[2]  The Court observed that Ms. Grygo is presumed innocent, and if she is acquitted at the trial, that outcome will not resolve any issues in this matter.  However, if she is

---

[1] Although counsel Michael Khouri entered a notice of appearance only as to Mr. Backus and Evergreen Mental Health Services, Inc., he advised the Court that he represents all of the Evergreen Entities.

[2] Ms. Grygo's two codefendants in the criminal case, one of whom is also a defendant in this matter, have pleaded guilty in that case and await sentencing. *See generally United States v. Grygo, et al.*, No. 24-cr-00337 (KMM/JFD) (D. Minn.); *id.*, Docs. 79, 80, 81, 82 (D. Minn. Oct. 21, 2025) (change of plea hearings and plea agreements).

convicted, then criminal forfeiture processes could streamline disposition of remaining assets to the government as requested.  All counsel agreed that waiting until the trial is done was prudent. For these reasons, the Court will require additional information from Mr. Backus and will otherwise stay these proceedings until the conclusion of Ms. Grygo's trial.

## ORDER

**IT IS HEREBY ORDERED THAT**:

1) On or before September 18, 2026, David Backus must submit a sworn declaration detailing any and all personal assets or assets of the Evergreen entities that have not previously been disclosed.  This declaration must specifically include information about the any and all certificates or bank accounts in any amount, including the reported $25 million certificate of deposit or savings account. Mr. Backus must provide any information he possesses about that asset, including his basis for believing it exists. This information will enable the receiver to secure any assets that should be within the receivership but are not.  Following review of Mr. Backus's declaration, the Court will determine whether to require further discovery from Mr. Backus or any other defendants.

2) This matter is otherwise **STAYED** pending the conclusion of the criminal trial in United States v. Grygo.  That stay does not preclude the receiver, Ms. Leier, from filing a fee petition for reimbursement for the services she has provided the Court.

Dated: August 12, 2026

*s/Katherine M. Menendez*
United States District Judge
District of Minnesota