**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

RECEIVED
SEP 18 2026
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

**United States of America,**

Plaintiff,

v.

**Evergreen Recovery, Inc, David Backus**

Defendants.

Case No. **0:24-cv-02944-KMM-JFD**

# DAVID BACKUS' RESPONSE TO THE RECEIVER'S PROPOSAL AND ALTERNATIVE PROPOSAL REGARDING THE FINAL ADMINISTRATION AND DISTRIBUTION OF THE RECEIVERSHIP ESTATE, RESPONSE TO MENENDEZ ORDER ON 8.12.26 & MOTION TO CONCLUDE RECEIVERSHIP & INJUNCTION AGAINST DAVID BACKUS & THE EVERGREEN ENTITIES

**Submitted Pursuant to the Court's Order Directing That "Any Interested Party Shall File Any Opposition, Alternative Proposal, or Any Other Information Deemed Relevant Within Thirty (30) Days of the Filing of the Receiver's Proposal."**

## PRELIMINARY STATEMENT

David Backus respectfully submits this Response and Alternative Proposal pursuant to the Court's Order inviting interested parties to file "any opposition, alternative proposal, or any other information deemed relevant" concerning the Receiver's proposal for the final administration and distribution of the Receivership Estate. This was given to Mr. Backus' previous counsel, Mr. Khouri, prior to the submission deadline however counsel failed to present proposal to the court or the United States of America. Mr. Khouri was notified of the termination of his services by Mr. Backus on 9.7.26 due to lack of communication and lack of follow through on deadlines as requested by Mr. Backus

SCANNED
SEP 18 2026
U.S. DISTRICT COURT ST. PAUL

This filing is not intended to re litigate the Court's decision to appoint a Receiver, revisit previously decided issues, or challenge the equitable authority exercised by the Court in preserving the Receivership Estate during the pendency of these

proceedings. Rather, this Response addresses the limited issues now before the Court: the orderly conclusion of the Receivership, the approval of the Receiver's Final Accounting, and the proper disposition of the remaining assets held by the Receivership Estate.

The Receiver has recommended that, following payment of approved receivership fees and expenses and completion of the Court-approved partial distribution to former employees, the remaining Receivership funds be distributed to the United States. Mr. Backus respectfully submits that the Court should adopt a different course.

Mr. Backus, is the founder, sole shareholder, and lawful owner of Evergreen Recovery, Inc. The Department of Justice declined to pursue criminal charges against him and that no judgment has determined that his ownership interest in the remaining Receivership Estate should be forfeited. Mr. Backus therefore respectfully requests that, before any remaining Receivership assets are distributed to the United States, the Court determine the lawful ownership of those assets after reviewing the Receiver's Final Accounting, the evidence submitted by the parties, and the applicable law governing this proceeding.

Mr. Backus further respectfully submits that the Court's review should include whether the Receivership Estate was fully preserved and administered in accordance with the Court's Orders. According to Mr. Backus, issues remain concerning the accounting for company vehicles, business equipment, accounts receivable, unfinished billing, payroll tax obligations, business property, and certain personal property that came under the Receiver's control.

Accordingly, Mr. Backus respectfully requests that the Court: (1) review and approve, as appropriate, the Receiver's Final Accounting; (2) determine whether all Receivership assets have been fully identified and accounted for; (3) determine what obligations, if any, should properly be paid from the Receivership Estate before final distribution; (4) determine the lawful ownership of the remaining Receivership Estate; and (5) distribute the remaining assets in accordance with the Court's findings, the evidence presented, and applicable law.

This Alternative Proposal is submitted in the interest of assisting the Court in bringing the Receivership to a fair, orderly, and equitable conclusion consistent with the purposes for which the Receivership was established.

**ROADMAP OF THIS PROPOSAL**

This Proposal is organized to address the issues presently before the Court concerning the final administration and distribution of the Receivership Estate.

First, Mr. Backus summarizes the procedural history leading to the Court's request for alternative proposals.

Second, he presents the factual background relevant to the Court's determination, including his ownership of Evergreen Recovery, the administration of the Receivership Estate, the preservation of company assets, outstanding accounts receivable, unfinished billing, payroll obligations, tax liabilities, company vehicles, business property, and other assets that he contends remain relevant to the Court's review.

Third, Mr. Backus summarizes the Receiver's recommendation and explains why he respectfully proposes an alternative disposition of the remaining Receivership Estate.

Fourth, Mr. Backus discusses the legal principles governing federal equity receiverships, the Court's continuing supervisory authority, and the legal and equitable considerations relevant to determining the proper ownership and distribution of the remaining Receivership Estate.

Finally, Mr. Backus sets forth the specific relief requested together with a proposed order for the Court's consideration.

**STATEMENT OF THE CASE**

This action was commenced by the United States under 18 U.S.C. § 1345 seeking injunctive and equitable relief relating to Evergreen Recovery, Inc., Evergreen Recovery Holdings, LLC, Ethos Recovery Clinic, Inc., David Backus, and other defendants. As part of that action, the United States requested the appointment of a receiver to preserve and administer the assets of the Receivership Entities pending further proceedings before the Court.

On August 9, 2024, this Court entered a Preliminary Injunction and Order Appointing Receiver. Pursuant to that Order, the Receiver assumed custody and control of the Receivership Estate, including the assets, business operations, financial accounts, books and records, and other property identified in the Court's Order. The Receiver thereafter administered the Receivership Estate under the continuing supervision of this Court. All account numbers and property were disclosed to Mr. Backus' first counsel. Given the public nature of this document the account numbers will not be re provided, however available upon request of internal emails.

During the course of the Receivership, the Court entered

additional orders governing the administration of the Receivership Estate, including orders addressing the Receiver's authority, the payment of administrative expenses, and distributions from the Receivership Estate. Among those orders was the Court's approval of a partial distribution to former employees of Evergreen Recovery, Inc. and Ethos Recovery Clinic, Inc.

The Receiver has now recommended the Court that, following payment of approved receivership fees and expenses and completion of the Court-approved employee distribution, the remaining funds held by the Receivership Estate should be distributed to the United States. The Receiver explains that, because the remaining funds are limited, additional distributions to employees or other creditors would not be an efficient use of the remaining Receivership Estate in light of the administrative costs associated with evaluating claims and implementing further distributions.

Following the filing of the Receiver's proposal, the Court ordered that "any interested party shall file any opposition, alternative proposal, or any other information deemed relevant within thirty (30) days of the filing of the Receiver's proposal."

Mr. Backus submits this Alternative Proposal in response to that Order.

Mr. Backus respectfully requests that the Court consider an alternative disposition of the remaining Receivership Estate before adopting the Receiver's recommendation. According to Mr. Backus, several issues remain unresolved, including the completeness of the Receiver's Final Accounting, the accounting for outstanding accounts receivable and unfinished billing, the disposition of company vehicles, business equipment, business and personal property, and the determination of the lawful ownership of the remaining Receivership Estate.

Accordingly, Mr. Backus respectfully submits this Alternative Proposal to assist the Court in resolving those remaining issues and determining the appropriate final disposition of the Receivership Estate.

The sections that follow summarize the procedural history, the relevant factual record, the Receiver's proposal, the governing legal standards, and the reasons Mr. Backus respectfully submits that the Court should adopt his Alternative Proposal.

**PROCEDURAL HISTORY**

The following procedural history is provided to place Mr. Backus's Alternative Proposal in the context of the Court's administration of this action and the Receivership Estate.

On August 9, 2024, the Court entered a Preliminary Injunction and Order Appointing Receiver pursuant to 18 U.S.C. § 1345. Through that Order, the Court appointed a Receiver and vested the Receiver with authority to take possession of, preserve, manage, and administer the assets of Evergreen Recovery, Inc., Evergreen Recovery Holdings, LLC, Ethos Recovery Clinic, Inc., and the other Receivership Entities identified in the Court's Order.

Following the appointment of the Receiver, Mr. Backus relinquished possession, and control of the assets subject to the Receivership in compliance with the Court's Order. From that date forward, the Receiver exercised exclusive authority over the Receivership Estate under the continuing supervision of this Court.

During the administration of the Receivership, the Court entered additional orders governing the management of the Receivership Estate, including approval of administrative actions, payment of Receiver fees and expenses, and distributions from the Receivership Estate.

According to Mr. Backus, throughout the Receivership he communicated concerns regarding the preservation of company assets, the completion of outstanding billing, unpaid employee payroll, payroll tax obligations, company vehicles, and other business assets. Mr. Backus contends that he repeatedly advised that qualified billing professionals and individuals familiar with the company's operations could assist in completing outstanding billing and maximizing the collection of legitimate accounts receivable generated before the Receiver's appointment.

On April 23, 2025, the Court approved a partial distribution to former employees of Evergreen Recovery, Inc. and Ethos Recovery Clinic, Inc. Mr. Backus does not oppose that Court-approved distribution and recognizes the importance of compensating former employees to the extent authorized by the Court.

According to Mr. Backus, notwithstanding the Court's approval of that distribution, other issues concerning the administration of the Receivership Estate remained unresolved, including the accounting for certain company assets, the status of outstanding tax obligations, the preservation and collection of accounts receivable, and the disposition of company vehicles and business property.

According to the motion submitted by the United States of America, the Department of Justice subsequently concluded its investigation as to him and declined to pursue criminal charges

against

On or about May 21, 2026, the Receiver filed a proposal advising the Court that, after payment of approved Receivership fees and expenses and completion of the Court-approved employee distribution, the remaining Receivership funds should be distributed to the United States. The Receiver further advised that additional distributions to employees or creditors were not recommended because the administrative costs associated with evaluating and implementing additional distributions would substantially reduce the remaining Receivership Estate.

Following the filing of the Receiver's proposal, the Court entered an Order providing that "any interested party shall file any opposition, alternative proposal, or any other information deemed relevant within thirty (30) days of the filing of the Receiver's proposal."

Mr. Backus submits this Alternative Proposal in direct response to that Order.

Mr. Backus respectfully submits that the procedural posture of this case has fundamentally changed since the Receiver's appointment. The purpose of preserving the Receivership Estate during the pendency of the Government's investigation has, according to Mr. Backus, now been fulfilled. The remaining issues before the Court concern the Receiver's Final Accounting, the proper administration of the Receivership Estate, the lawful ownership of the remaining assets, and the appropriate final distribution of those assets.

Accordingly, Mr. Backus respectfully requests that the Court consider the factual record, the governing legal principles, and the Alternative Proposal set forth herein before determining the final disposition of the remaining Receivership Estate.

## IV. RELEVANT FACTUAL BACKGROUND

### A. David Backus and Evergreen Recovery

David Backus is the founder, sole shareholder, and one hundred percent (100%) owner of Evergreen Recovery, Inc. Before the appointment of the Receiver, Evergreen Recovery operated as an active business providing recovery-related services and employing numerous individuals in the ordinary course of its operations.

Evergreen Recovery maintained financial accounts, accounts receivable, billing records, company vehicles, computers, office equipment, furniture, contracts, business records, supplies, and other tangible and intangible assets acquired through its legitimate business operations.

Mr. Backus respectfully submits that he has never transferred or relinquished his ownership interest in Evergreen Recovery. Although he complied with the Court's August 9, 2024 Order and surrendered operational control of the company to the Receiver, he did not surrender his lawful ownership interest in the company or its assets.

Mr. Backus further represents that he did not knowingly or willfully participate in the criminal conduct later admitted by two individuals associated with Evergreen Recovery. Mr. Backus was not charged in those criminal proceedings, and he understands that the Department of Justice ultimately declined to pursue criminal and civil prosecution against him and the companies in August 2025.

Mr. Backus intends to support these representations through his declaration, corporate ownership records, and the Government filing or correspondence reflecting the declination decision.

**B. Purpose of the Receivership**

On August 9, 2024, the Court entered a Preliminary Injunction and appointed a Receiver over Evergreen Recovery and the other Receivership Entities.

The Receiver was appointed to take possession of, conserve, manage, and preserve the Receivership Estate while the United States conducted its investigation and while the Court exercised continuing equitable supervision over the property.

Mr. Backus respectfully submits that the Receivership served two corresponding purposes.

First, it protected the interests of the United States by ensuring that assets remained available if the Government later established a lawful entitlement to them.

Second, it protected the interests of the lawful owner by ensuring that, if no legal basis for permanent deprivation were established, the assets would remain preserved and available for return.

Accordingly, the purpose of the Receivership was not merely possession of the assets. Its purpose was the preservation of their value, integrity, and accountability until the Court could determine their proper disposition.

**C. Mr. Backus's Cooperation During the Investigation and Receivership**

Mr. Backus respectfully represents that he cooperated with the Government and the Receiver throughout these proceedings.

According to Mr. Backus, he responded to requests for information, made business records available, explained

company operations, and provided information concerning billing practices, accounts receivable, company vehicles, payroll, tax obligations, and other assets of Evergreen Recovery.

Mr. Backus also communicated concerns regarding the preservation of company assets and the need to complete outstanding billing and collections. He advised that qualified personnel familiar with Evergreen Recovery's billing practices and payer requirements were available to assist with unfinished billing and collection efforts.

Mr. Backus respectfully submits that his cooperation and communications are relevant to the Court's consideration of whether available steps were taken to preserve the value of the Receivership Estate.

**D. Assets Existing When the Receiver Assumed Control**

The Receivership Estate included significant assets generated or acquired through Evergreen Recovery's ordinary and legitimate operations, including:

1. Cash and company bank accounts;
2. Accounts receivable arising from legitimate services already provided;
3. Claims and billing work that remained incomplete or required administrative follow-up;
4. Company-owned or financed vehicles;
5. Computers, servers, phones, and other business technology;
6. Office furniture, equipment, supplies, and business inventory;
7. Contracts and contractual rights;
8. Business records and billing documentation;
9. Goodwill and other intangible business value; and
10. Other property used in the operation of Evergreen Recovery.

Because the Receiver assumed exclusive control over these assets, Mr. Backus respectfully requests that the Final Accounting identify the initial condition and value of the Receivership Estate, the disposition of each material asset, and the assets remaining for final distribution.

**E. Administration of the Receivership Estate**

Mr. Backus respectfully submits that significant factual questions remain regarding whether the Receivership Estate was fully preserved and realized while under the Receiver's control.

These issues directly affect the Court's review of the Final

Accounting and the Receiver's recommendation that the remaining funds be distributed to the United States.

**1. Unfinished Billing and Accounts Receivable**

At the time the Receiver assumed control, Evergreen Recovery had outstanding accounts receivable and unfinished billing arising from legitimate services already provided.

Completion of the billing required individuals with specialized knowledge of the company's billing systems, documentation practices, payer requirements, claim-submission procedures, denial-correction processes, and appeal procedures.

Mr. Backus contends that the Receiver did not retain additional qualified billing specialists, consultants, or former personnel with sufficient knowledge to complete the unfinished billing and maximize collection of the legitimate receivables.

Mr. Backus further contends that he informed the Receiver that knowledgeable personnel were available and that unfinished billing could be completed to preserve and increase the value of the Receivership Estate.

The failure to fully pursue this billing resulted in legitimate receivables being uncollected, written off, abandoned, or otherwise unrealized.

Mr. Backus respectfully requests that the Final Accounting identify:

a. The gross amount of accounts receivable existing on August 9, 2024;

b. The value of incomplete or unsubmitted billing;

c. The amount subsequently billed;

d. The amount collected;

e. The amount denied, written off, abandoned, or deemed uncollectible;

f. The personnel or professionals retained to complete billing and collection work;

g. The reasons additional billing experts were not retained, if none were retained; and

h. The estimated value of legitimate receivables that were not realized.

**2. Closure of the Business and Loss of Going-Concern Value**

Evergreen Recovery ceased operations during the Receivership.

Mr. Backus respectfully submits that the closure of the business caused the loss of going-concern value, goodwill, operating relationships, workforce continuity, contracts, and other

intangible assets.

Mr. Backus contends that available company resources and knowledgeable personnel could have been used to preserve or wind down the business in a manner that better protected the value of the Receivership Estate.

Mr. Backus does not ask the Court, through this Proposal alone, to determine liability for the closure of the business. He respectfully requests that the Court consider the loss of going-concern value when evaluating whether the estate was preserved in the manner contemplated by the Receivership Order.

**3. Employee Payroll**

The former employees of Evergreen Recovery, including himself, remained unpaid for approximately eighteen months despite the existence of funds that were available to address payroll obligations.

Mr. Backus represents that he proactively communicated with the Receiver concerning payment of employees and repeatedly requested that employee compensation be addressed.

The Court later approved a partial employee distribution. Mr. Backus does not oppose that distribution and recognizes the importance of compensating former employees.

He respectfully requests that the Final Accounting identify:

a. The total payroll obligations existing when the Receiver was appointed;

b. The funds available for payroll;

c. The dates and amounts of employee payments;

d. The unpaid balances, if any;

e. The reasons for the length of the delay; and

f. The effect of delayed payroll on the company and its former employees.

**4. Payroll Withholding Taxes and Tax Liabilities**

Mr. Backus further represents that payroll withholding taxes were not timely remitted during the Receivership.

The unpaid obligations caused penalties and interest to accrue and resulted in tax liens affecting his personal residence.

Mr. Backus respectfully submits that these liabilities reduced the value of the estate and caused direct financial harm that may have been avoidable if the obligations had been timely addressed.

He respectfully requests that the Final Accounting identify:

a. All payroll withholding obligations existing when the

Receiver assumed control;

b. All payroll tax payments made during the Receivership;

c. The dates of those payments;

d. Penalties and interest assessed;

e. Current outstanding balances;

f. Tax liens arising from the unpaid obligations; and

g. The reasons any available funds were not used to address those obligations.

Mr. Backus further requests that, before any remaining funds are distributed to the United States, the Court consider whether outstanding lawful tax obligations should be paid from the Receivership Estate.

**5. Company Vehicles**

Evergreen Recovery owned or financed multiple company vehicles when the Receiver assumed control.

According to Mr. Backus:

a. Two company-owned Ford vans were repossessed during the Receivership;

b. The current whereabouts of two additional company vans are unknown to him;

c. An obligation relating to another company vehicle was not paid despite his request that it be addressed; and

d. The resulting repossessions, nonpayment, and uncertainty concerning the vehicles diminished the value of the Receivership Estate.

Mr. Backus respectfully requests that the Receiver identify each vehicle that entered the Receivership Estate and provide:

a. The year, make, model, and vehicle-identification number;

b. The legal owner and lienholder;

c. The value of the vehicle when the Receiver took control;

d. Its location and condition at that time;

e. Every payment made or not made during the Receivership;

f. Its current location;

g. Whether it was repossessed, sold, transferred, abandoned, or otherwise disposed of;

h. Any proceeds received from its disposition; and

i. The current value or loss attributable to each vehicle.

**6. Business Equipment, Technology, and Other Company Property**

Mr. Backus further represents that business equipment and

company property has not been fully accounted for.

The property included computers, servers, phones, office furniture, equipment, supplies, business records, and other items used in Evergreen Recovery's operations.

Mr. Backus respectfully requests that the Final Accounting identify:

a. All equipment and business property received by the Receiver;

b. The location and condition of each material item when received;

c. Property sold, transferred, discarded, abandoned, or placed in storage;

d. The authorization for each disposition;

e. The amount received from any sale;

f. Property remaining in the Receiver's possession or control; and

g. Property that cannot presently be located or accounted for.

**7. Personal Property and Family Heirlooms**

Mr. Backus represents that personal property was removed from his residence during the Government's actions, including family heirlooms and personal possessions unrelated to Evergreen Recovery's operations.

Mr. Backus is unaware of any judicial determination that those items constitute contraband, criminal proceeds, or forfeitable property.

He respectfully requests that the Court require identification of every item of personal property remaining in the possession or control of the Government or Receiver and order the return of all property not otherwise lawfully retained.

**8. Loss of Mr. Backus's Residence**

According to Mr. Backus, tax liens and financial consequences associated with unpaid company obligations contributed to the loss of his residence in or around October 2024.

Mr. Backus acknowledges that any independent claim for monetary damages may require a separate legal basis or proceeding. He includes this fact here because it illustrates the direct consequences of obligations that allegedly remained unpaid while the Receiver controlled the company's finances.

Mr. Backus respectfully requests that the Court consider these consequences when evaluating the equities of final distribution and whether remaining Receivership funds should be distributed to the United States without first addressing outstanding

obligations and ownership interests.

**9. Assets That Remain Unaccounted For**

According to Mr. Backus, the following categories of property remain unresolved or insufficiently accounted for:

a. Two company vans whose present whereabouts are unknown;

b. Business equipment and property whose current location or disposition is unknown;

c. Personal property and family heirlooms removed from Mr. Backus's residence;

d. Accounts receivable that were not fully billed or collected;

e. Outstanding contractual or payment rights;

f. The value lost through repossession of company vehicles; and

g. Other company assets identified in Mr. Backus's supporting exhibits.

Mr. Backus respectfully requests that these matters be resolved before the Court approves any final distribution.

**F. Why These Facts Matter to Final Distribution**

These factual issues bear directly on whether the Court should adopt the Receiver's recommendation that the remaining Receivership funds be distributed to the United States.

Mr. Backus respectfully submits that the remaining funds should not be treated as an automatic residual payment to the Government without first determining:

1. What assets originally entered the Receivership Estate;
2. Whether those assets were preserved or depleted;
3. Whether legitimate accounts receivable were fully pursued;
4. Whether outstanding payroll and tax obligations should be addressed;
5. Whether business and personal property have been fully accounted for;
6. Whether any remaining assets are traceable to unlawful conduct;
7. Whether the United States has established a legal entitlement to the remaining assets; and
8. Whether Mr. Backus, as the lawful owner of Evergreen Recovery, is entitled to receive the remaining property.

The Receivership Estate allegedly lost value because legitimate business assets—including unfinished billing, accounts receivable, vehicles, equipment, goodwill, and other property—were not fully preserved or realized while under the Receiver's

exclusive control.

Accordingly, Mr. Backus respectfully submits that the Receiver's Final Accounting should be carefully reviewed and any unresolved asset issues addressed before the Court approves the proposed distribution to the United States.

These same facts also support the separate argument, developed below, that distribution of the remaining estate to the United States is not the appropriate equitable remedy and that, after resolution of lawful obligations, the remaining assets should instead be returned to Mr. Backus if the Court determines that the evidence and governing law support that disposition.

## V. THE COURT SHOULD DETERMINE THE LAWFUL OWNERSHIP OF THE REMAINING RECEIVERSHIP ESTATE BEFORE ORDERING FINAL DISTRIBUTION

The Receiver recommends that, following payment of approved Receivership fees and expenses and completion of the Court-authorized distribution to former employees, the remaining Receivership funds be distributed to the United States.

Mr. Backus respectfully submits that the Court should defer any final distribution until it first determines the lawful ownership of the remaining Receivership Estate.

This case has now reached a different procedural posture than existed when the Receiver was appointed. The purpose of appointing a receiver under 18 U.S.C. § 1345 was to preserve and administer the Receivership Estate while the Court exercised jurisdiction over the matter. Now that the Receivership has substantially completed its administrative function, the Court must determine the proper disposition of the remaining assets.

No judgment has determined that his ownership interest in Evergreen Recovery or the remaining Receivership Estate has been extinguished, forfeited, or otherwise transferred to the United States. Mr. Backus further represents that he was not criminally charged and that the Department of Justice declined to pursue criminal prosecution against him. Mr. Backus intends to support those factual representations through his declaration and accompanying exhibits.

Accordingly, Mr. Backus respectfully submits that the Court should not presume that the remaining Receivership assets should be distributed to the United States solely because the Receivership is concluding. Rather, the Court should determine, based upon the complete record and applicable law, whether the United States has established a legal basis to receive those remaining assets or whether they should instead be returned to

their lawful owner.

Mr. Backus further submits that the Receiver's Final Accounting should be carefully examined before any final distribution is approved. The Court should determine whether all Receivership assets have been identified, preserved, administered, and accounted for, including legitimate accounts receivable, unfinished billing, company vehicles, business equipment, payroll obligations, payroll tax liabilities, and other property that entered the Receivership Estate.

Mr. Backus respectfully submits that the equitable nature of this proceeding favors a complete accounting before the Court determines ownership and authorizes final distribution. Only after the Court has resolved those issues should it determine the proper disposition of the remaining Receivership Estate.

For these reasons, Mr. Backus respectfully requests that the Court:

1. Review and approve the Receiver's Final Accounting only after determining that it completely identifies all material assets, liabilities, receipts, disbursements, and dispositions of property;
2. Determine the lawful ownership of the remaining Receivership Estate based upon the evidence presented and the governing law;
3. Resolve any outstanding obligations that the Court determines should properly be satisfied from the Receivership Estate before any residual distribution;
4. Decline to adopt the Receiver's proposed distribution if the Court concludes that the evidence and applicable law instead support distribution of the remaining assets to Mr. Backus as the lawful owner; and
5. Enter such additional orders as are necessary to conclude the Receivership in a manner consistent with the Court's equitable authority and the evidence presented.

## VI. GOVERNING LEGAL PRINCIPLES

The Court possesses broad equitable authority to supervise the administration of a federal receivership, review the Receiver's conduct, approve or reject the Receiver's recommendations, determine the ownership of property within the Receivership Estate, and direct the final disposition of the remaining assets in a manner consistent with applicable law and equity.

The appointment of a receiver is an extraordinary equitable remedy intended to preserve property while the Court adjudicates the rights of the parties. Once the purposes of the

receivership have been substantially fulfilled, the Court must determine whether the Receiver has fully discharged the duties imposed by the Receivership Order and whether the remaining assets should be distributed in accordance with the rights of the parties.

Because the Receiver serves as an officer of the Court, the Receiver owes fiduciary duties to the Receivership Estate and must administer the estate in accordance with the Court's Orders. Those responsibilities include preserving assets, maintaining accurate records, exercising reasonable care in the administration of the estate, accounting for all receipts and disbursements, and seeking Court approval for significant actions affecting the Receivership Estate.

Accordingly, before approving a final distribution, the Court should be satisfied that:

1. The Receiver has provided a complete and accurate Final Accounting;
2. All material Receivership assets have been identified and accounted for;
3. The disposition of each significant asset can be determined from the record;
4. The Receiver's fees and administrative expenses have been properly documented and approved;
5. All obligations that the Court determines should properly be paid from the Receivership Estate have been identified and addressed; and
6. The Court has sufficient information to determine the lawful ownership of the remaining Receivership Estate.

Mr. Backus respectfully submits that these principles are especially important in this case because he contends that the Receivership Estate included substantial assets generated through Evergreen Recovery's legitimate business operations, including accounts receivable, unfinished billing, vehicles, equipment, business records, and other property that retained value when the Receiver assumed control.

According to Mr. Backus, questions remain concerning whether all of those assets were preserved, administered, realized, and fully reflected in the Receiver's Final Accounting. Mr. Backus respectfully submits that those questions should be resolved before the Court approves the Receiver's recommendation concerning final distribution.

In addition, the Court should distinguish between temporary custodial control of property through a receivership and a final

judicial determination of ownership. The appointment of a receiver transferred possession and control of the Receivership Estate to the Receiver for purposes of administration under the Court's supervision. Mr. Backus respectfully submits that the receivership itself did not, by operation of law, permanently determine ownership of the property or extinguish any ownership interest that had not otherwise been adjudicated.

Accordingly, before ordering the remaining Receivership Estate distributed to the United States, the Court should determine whether the record establishes a legal basis for that distribution and whether the evidence instead supports returning some or all of the remaining assets to Mr. Backus after satisfaction of any obligations the Court determines should properly be paid from the Receivership Estate.

Mr. Backus respectfully submits that these governing principles provide the framework for evaluating the Receiver's recommendation and for resolving the competing proposals now before the Court.

## VII. THE EVIDENCE AND APPLICABLE LAW SUPPORT RETURNING THE REMAINING RECEIVERSHIP ESTATE TO ITS LAWFUL OWNER

The Receiver's recommendation asks the Court to distribute the remaining Receivership Estate to the United States after payment of approved receivership expenses and the previously authorized employee distribution.

Mr. Backus respectfully submits that the Court should instead determine whether the evidence and governing law support returning the remaining Receivership Estate to its lawful owner after resolving all obligations that the Court determines should properly be satisfied from the Receivership Estate.

### A. A Federal Receivership Is a Temporary Equitable Remedy, Not a Final Determination of Ownership

Federal Rule of Civil Procedure 66 recognizes the Court's continuing authority to supervise and administer a federal equity receivership in accordance with longstanding equitable practice. The Receiver acts as an officer of the Court, exercising only those powers granted by the Court's orders and applicable law. (US Code)

Mr. Backus respectfully submits that the appointment of the Receiver transferred possession and control of the Receivership Estate for purposes of administration. It did not, standing alone, permanently adjudicate ownership of the property or extinguish ownership interests that had not otherwise been determined by the Court.

Accordingly, because the Receivership is now concluding, the Court must determine who is legally entitled to receive the remaining assets rather than treating the conclusion of the Receivership itself as resolving that question.

**B. Mr. Backus Maintains That He Is the Lawful Owner of Evergreen Recovery**

According to the corporate records and the evidence that will accompany this Proposal, Mr. Backus is the founder, sole shareholder, and owner of Evergreen Recovery.

Mr. Backus respectfully submits that no order entered in this action has adjudicated that his ownership interest in Evergreen Recovery has been transferred to the United States. Likewise, according to Mr. Backus, no judgment has determined that the remaining Receivership Estate is forfeited to the United States.

For those reasons, Mr. Backus respectfully submits that the Court should evaluate the ownership issue directly before ordering the final distribution of the remaining Receivership Estate.

**C. The Court Should Resolve Outstanding Accounting Issues Before Determining Final Ownership**

Mr. Backus respectfully submits that ownership cannot be fairly determined until the Court is satisfied that the Receivership Estate has been fully identified and accurately accounted for.

According to Mr. Backus, unresolved issues remain concerning:

- unfinished billing and accounts receivable;
- company vehicles;
- business equipment;
- payroll obligations;
- payroll tax liabilities;
- personal property;
- other business assets acquired through Evergreen Recovery's legitimate operations.

If the Court determines that additional assets should have been preserved, collected, or accounted for, those findings may materially affect the value of the Receivership Estate and the property available for final distribution.

Mr. Backus therefore respectfully requests that the Court carefully review the Receiver's Final Accounting before determining ownership.

**D. Equity Favors Determining Ownership Before Ordering Distribution**

The purpose of an equity receivership is to preserve and administer property while the Court resolves the parties' rights. Federal courts recognize broad equitable authority to supervise the receiver, review the receiver's accounting, and determine the appropriate disposition of the receivership estate at the conclusion of the case. (US Code)

Mr. Backus respectfully submits that equity favors resolving ownership after a complete accounting rather than distributing the remaining assets before those issues are addressed.

According to Mr. Backus, he complied with the Court's Receivership Order, relinquished control of the business, cooperated with the Receiver and the Government, and has continued to participate in these proceedings. He further represents that the Department of Justice ultimately declined to pursue criminal charges against him. Mr. Backus intends to support these factual representations through his declaration and exhibits.

Mr. Backus respectfully submits that these facts, together with the Court's equitable authority, support a careful determination of ownership before the remaining Receivership Estate is distributed.

**E. Requested Determination**

For the foregoing reasons, Mr. Backus respectfully requests that the Court:

1. Determine the lawful ownership of the remaining Receivership Estate after reviewing the complete evidentiary record;
2. Determine whether the Receiver's Final Accounting fully identifies all assets, liabilities, receipts, disbursements, and dispositions of property;
3. Resolve any outstanding obligations the Court determines should properly be paid from the Receivership Estate;
4. Determine whether the United States has established a legal basis for receiving the remaining Receivership assets; and
5. If the Court concludes that the evidence and governing law support Mr. Backus's ownership claim, order that the remaining Receivership Estate be returned to Mr. Backus following payment of any obligations the Court determines should properly be satisfied from the Receivership Estate.

## VIII. THE RECEIVER'S FINAL ACCOUNTING SHOULD NOT BE APPROVED WITHOUT FURTHER REVIEW

The Receiver has submitted a recommendation concerning the final administration and distribution of the Receivership Estate.

Before approving the Receiver's Final Accounting and authorizing the proposed final distribution, Mr. Backus respectfully submits that the Court should determine whether the record establishes that the Receivership Estate has been completely administered and that all material assets and obligations have been properly accounted for.

Mr. Backus recognizes that a court-appointed receiver performs an important function as an officer of the Court. For that reason, the Receiver's Final Accounting is a critical document. It provides the Court with the factual basis upon which the Court determines whether the Receivership Estate has been fully preserved, properly administered, and is ready for final distribution.

According to Mr. Backus, however, significant factual questions remain concerning the administration of the Receivership Estate. Mr. Backus respectfully submits that those questions should be resolved before the Court approves the Final Accounting and directs the final disposition of the remaining assets.

**A. Outstanding Accounts Receivable and Unfinished Billing**

Evergreen Recovery possessed substantial outstanding accounts receivable and unfinished billing when the Receiver assumed control of the company.

Mr. Backus contends that the completion of this work required individuals familiar with the company's billing systems, payer requirements, documentation practices, and claims-submission procedures. He further contends that qualified personnel were available who could have assisted in completing that work and maximizing collection of legitimate receivables.

Mr. Backus respectfully requests that the Court determine:

- the amount of outstanding accounts receivable that existed when the Receiver was appointed;
- the amount ultimately billed and collected;
- the amount written off, abandoned, or deemed uncollectible;
- what efforts were undertaken to maximize collection; and
- whether additional qualified billing personnel or consultants were considered or retained.

If the Court concludes that additional legitimate receivables could reasonably have been preserved or collected, that finding may bear on the completeness of the Final Accounting and the value of the Receivership Estate.

**B. Company Vehicles and Other Business Assets**

According to Mr. Backus, multiple company vehicles were

under the Receiver's control during the Receivership.

Mr. Backus represents that two Ford vans were repossessed, that the current whereabouts of two additional vans remain unknown to him, and that another company vehicle obligation allegedly was not timely addressed.

Mr. Backus respectfully requests that the Final Accounting identify the disposition of every vehicle that entered the Receivership Estate, together with any proceeds received, liens satisfied, repossessions, transfers, sales, or other dispositions.

Likewise, Mr. Backus requests a complete accounting of computers, office equipment, furniture, technology, records, and other business property that came under the Receiver's control.

**C. Payroll and Payroll Tax Obligations**

According to Mr. Backus, payroll obligations remained outstanding for an extended period following the Receiver's appointment.

Mr. Backus also contends that payroll withholding taxes were not timely remitted, resulting in penalties, interest, and tax liens.

Mr. Backus respectfully requests that the Court determine:

- what payroll obligations existed when the Receiver assumed control;
- what payroll and payroll tax payments were made;
- when those payments were made;
- what balances remained outstanding;
- and whether additional obligations should have been satisfied from the Receivership Estate.

**D. Business and Personal Property**

Mr. Backus further submits that questions remain concerning the disposition of business equipment, company property, and personal property that came under the Receiver's control.

According to Mr. Backus, not all property has been fully identified or accounted for in a manner that allows the Court to determine its ultimate disposition.

Mr. Backus respectfully requests that the Court require a complete inventory identifying:

- property received by the Receiver;
- property sold or transferred;
- property discarded or abandoned;
- property remaining in storage or under the Receiver's control; and
- property that cannot presently be located.

**E. Completeness of the Final Accounting**

Mr. Backus respectfully submits that a complete Final Accounting should enable the Court to determine, with reasonable certainty:

1. Every material asset that entered the Receivership Estate;
2. Every receipt and disbursement made during the Receivership;
3. Every material disposition of property;
4. The basis for each significant administrative expense;
5. The disposition of company vehicles and business equipment;
6. The treatment of accounts receivable and unfinished billing;
7. The status of payroll obligations and payroll tax liabilities;
8. The amount of property remaining in the Receivership Estate; and
9. The factual basis supporting the Receiver's recommendation concerning final distribution.

If the Court determines that material questions remain concerning any of these matters, Mr. Backus respectfully submits that additional review should occur before the Final Accounting is approved.

**F. The Interests of Equity Favor a Complete Accounting Before Final Distribution**

The Court's ultimate responsibility is not merely to conclude the Receivership but to ensure that the Receivership Estate has been faithfully administered and that the remaining assets are distributed in accordance with the evidence, the Court's findings, and applicable law.

According to Mr. Backus, unresolved questions remain concerning the preservation of legitimate business assets, the completion of unfinished billing, the disposition of company vehicles and equipment, payroll obligations, payroll tax liabilities, and other property under the Receiver's exclusive control.

Mr. Backus respectfully submits that these issues should be resolved before the Court approves the Final Accounting or orders the remaining Receivership Estate distributed.

Accordingly, Mr. Backus respectfully requests that the Court defer approval of the Final Accounting until it is satisfied that the Receivership Estate has been fully accounted for and that the record is sufficient to permit an informed determination

regarding the lawful ownership and final distribution of the remaining Receivership Estate.

## IX. THE EVIDENCE SUPPORTS RETURNING THE REMAINING RECEIVERSHIP ESTATE TO MR. BACKUS

The Court now stands at the final stage of these proceedings. The Receivership has substantially completed the purpose for which it was created, and the remaining question before the Court is the proper disposition of the assets that remain within the Receivership Estate.

Mr. Backus respectfully submits that the evidence developed during these proceedings supports returning the remaining Receivership Estate to him following satisfaction of any obligations that the Court determines should properly be paid from the estate.

### A. Mr. Backus Is the Lawful Owner of Evergreen Recovery

There is no dispute that David Backus founded Evergreen Recovery and has continuously maintained his ownership interest in the company.

According to the corporate records that will be submitted with this Proposal, Mr. Backus is the sole shareholder and lawful owner of Evergreen Recovery, Inc. Although the Court transferred possession and operational control of the company to the Receiver through its August 9, 2024 Receivership Order, that Order did not itself adjudicate ownership of the company or permanently divest Mr. Backus of his ownership interest.

Mr. Backus respectfully submits that no order entered in this action has determined that his ownership interest has been extinguished or transferred to the United States.

Accordingly, Mr. Backus respectfully requests that the Court recognize his ownership interest as part of its determination regarding the proper distribution of the remaining Receivership Estate.

### B. The Remaining Assets Were Derived From Evergreen Recovery's Business Operations

According to Mr. Backus, the remaining Receivership Estate consists primarily of assets generated through Evergreen Recovery's business operations, including accounts receivable, cash collections, business equipment, vehicles, office property, and other assets accumulated during the company's operation.

Mr. Backus acknowledges that the United States initiated this action under 18 U.S.C. § 1345 and that the Court appointed a Receiver to preserve those assets while this matter proceeded.

However, Mr. Backus respectfully submits that the existence of a receivership does not, standing alone, establish that every remaining asset should ultimately be distributed to the United States. Instead, the Court should determine whether the United States has established a legal basis for receiving those remaining assets or whether they should instead be returned to their lawful owner after the Receivership concludes.

**C. The Purpose of the Receivership Has Been Fulfilled**

The Receivership was established to preserve and administer the Receivership Estate while the Court exercised jurisdiction over this action.

According to Mr. Backus, the company has ceased operations, the Receiver has completed substantially all administrative responsibilities, and the Government's investigation as to Mr. Backus concluded without criminal charges. Mr. Backus intends to support these factual representations through his declaration and accompanying exhibits.

Mr. Backus respectfully submits that the Court has now reached the stage contemplated by the Receivership Order—the point at which the Court must determine the proper disposition of the remaining property.

**D. Equity Supports Resolving Ownership Before Final Distribution**

Mr. Backus respectfully submits that equity favors determining ownership before directing a final distribution of the remaining Receivership Estate.

According to Mr. Backus, unresolved issues remain regarding:

- unfinished billing and unrealized accounts receivable;
- company vehicles that were repossessed or whose whereabouts remain unknown;
- business equipment and company property that have not been fully accounted for;
- payroll obligations and payroll withholding taxes;
- personal property removed during these proceedings; and
- the completeness of the Receiver's Final Accounting.

Because these issues bear directly on the composition and value of the Receivership Estate, Mr. Backus respectfully submits that the Court should resolve them before determining the proper recipient of the remaining assets.

**E. The Equities Favor Returning the Remaining Assets to Mr. Backus if Supported by the Court's Findings**

Mr. Backus respectfully submits that the Court's equitable

authority permits it to fashion a final remedy that reflects both the factual record and the governing law.

If, after reviewing the Final Accounting, the evidence, and the applicable legal authorities, the Court determines that:

1. the remaining Receivership Estate has been fully identified and accounted for;
2. all obligations that should properly be paid from the estate have been satisfied or otherwise resolved;
3. no legal basis exists requiring distribution of the remaining assets to the United States; and
4. Mr. Backus retains the lawful ownership interest in those remaining assets,

then Mr. Backus respectfully requests that the Court order the remaining Receivership Estate returned to him.

Such relief would conclude the Receivership in a manner that recognizes the Court's equitable authority, protects legitimate ownership interests, and ensures that the remaining property is distributed in accordance with the Court's findings rather than by presumption.

For these reasons, Mr. Backus respectfully requests that the Court adopt his Alternative Proposal, decline to approve the Receiver's recommended distribution to the United States, and instead enter an order distributing the remaining Receivership Estate in accordance with the Court's findings regarding ownership, the evidence presented, and the applicable law.

## X. APPLICABLE LEGAL AUTHORITY

The relief requested by Mr. Backus is grounded in the Court's equitable authority over federal receiverships, the Receivership Order entered in this action, and the Court's continuing responsibility to determine the proper disposition of the Receivership Estate before terminating the receivership.

### A. The Court Retains Continuing Jurisdiction Over the Receivership Estate

Federal Rule of Civil Procedure 66 provides that the administration of a federal receivership is governed by the historical practice of the federal courts sitting in equity. The Receiver serves as an officer of the Court and administers the Receivership Estate subject to the Court's continuing supervision and direction. (Legal Information Institute)

Accordingly, the Court is not required to adopt the Receiver's recommendation. Rather, the Court has the authority and responsibility to independently review the Receiver's Final Accounting, evaluate the evidence presented by the parties,

determine the rights of those claiming an interest in the Receivership Estate, and enter whatever final order equity and applicable law require.

**B. A Receivership Is a Temporary Equitable Remedy**

Federal courts have consistently recognized that the appointment of a receiver is an extraordinary equitable remedy designed to preserve property pending the Court's ultimate determination of the parties' rights. The receivership itself is ancillary to the underlying action; it is not a final adjudication of ownership. (Alabama Middle District Court ECF)

Mr. Backus respectfully submits that this distinction is significant. The appointment of the Receiver transferred possession and control of the Receivership Estate for purposes of administration. It did not, by itself, determine the ultimate ownership of the remaining property.

As the Receivership concludes, the Court must therefore determine who is legally entitled to receive the remaining assets after considering the evidence, the Final Accounting, and the governing law.

**C. The Receiver Owes Fiduciary Duties to the Receivership Estate**

A court-appointed receiver acts as a fiduciary for the Receivership Estate and is charged with preserving, protecting, and administering the assets entrusted to the Receiver under the Court's supervision. Those duties include exercising reasonable care in safeguarding assets, maintaining accurate books and records, accounting for receipts and disbursements, and seeking appropriate authority for significant actions affecting the estate. (Supreme Court)

Mr. Backus respectfully submits that these fiduciary principles underscore why the Final Accounting should provide a complete and transparent accounting of the Receivership Estate before the Court authorizes its final distribution.

**D. The Court Has Broad Equitable Discretion in Determining Final Distribution**

The conclusion of a receivership requires more than simply distributing whatever funds remain after administrative expenses have been paid. The Court must determine whether the Receiver has fulfilled the responsibilities imposed by the Receivership Order and whether the proposed distribution is consistent with the facts established in the record and the Court's equitable obligations.

Mr. Backus respectfully submits that, before approving the

Receiver's recommendation, the Court should determine:

1. Whether all Receivership assets have been identified and accounted for;
2. Whether legitimate accounts receivable and unfinished billing were reasonably pursued;
3. Whether company vehicles, business equipment, and other property were properly administered;
4. Whether payroll and payroll tax obligations should be addressed before any residual distribution;
5. Whether the remaining assets have been accurately valued; and
6. Who is legally entitled to receive those remaining assets.

**E. Application to This Case**

Mr. Backus respectfully submits that the legal principles governing federal equity receiverships support careful judicial review before the Receivership is closed.

According to Mr. Backus, unresolved factual issues remain regarding the administration of the Receivership Estate, including the preservation of legitimate business assets, the collection of accounts receivable, the disposition of company vehicles and business property, payroll obligations, payroll tax liabilities, and the completeness of the Receiver's Final Accounting.

If the Court concludes that additional findings are necessary to determine ownership or the appropriate disposition of the remaining Receivership Estate, Mr. Backus respectfully submits that the Court possesses ample equitable authority to require those issues to be resolved before approving the Receiver's recommendation.

Accordingly, Mr. Backus respectfully requests that the Court exercise its equitable authority by determining the lawful ownership of the remaining Receivership Estate after reviewing the complete evidentiary record and then order distribution in accordance with its findings and the applicable law.

## XI. SPECIFIC LEGAL AUTHORITIES SUPPORTING RETURN OF THE REMAINING RECEIVERSHIP ESTATE TO MR. BACKUS

The Court's authority to resolve this matter extends beyond approving or rejecting the Receiver's recommendation. The Court possesses the equitable responsibility to determine the lawful disposition of the remaining Receivership Estate after considering the evidence, the Receiver's Final Accounting, the competing proposals submitted by the parties, and the governing

Mr. Backus respectfully submits that the following legal principles support the relief requested.

**A. Federal Rule of Civil Procedure 66 Requires the Court to Exercise Independent Equitable Judgment**

Federal Rule of Civil Procedure 66 provides that federal receiverships are administered according to the historic practice of courts sitting in equity. Accordingly, the Receiver's recommendation is advisory to the Court; it does not replace the Court's independent obligation to determine whether the proposed disposition is supported by the record and consistent with equity. (US Code)

For that reason, the Court is not limited to choosing between approving or rejecting the Receiver's recommendation. The Court may require additional accounting, direct further proceedings, resolve competing ownership claims, or fashion whatever equitable relief is appropriate under the circumstances presented.

**B. The Purpose of the Receivership Was Preservation, Not Permanent Transfer of Ownership**

The Court appointed the Receiver pursuant to 18 U.S.C. § 1345 to preserve and administer the Receivership Estate while this litigation proceeded.

Mr. Backus respectfully submits that the appointment of a receiver transferred possession and management authority over the Receivership Estate. It did not, standing alone, permanently transfer ownership of the assets to the United States or adjudicate competing ownership interests.

Because the Receivership has substantially fulfilled its purpose, the Court must now determine who is legally entitled to receive the remaining property after reviewing the complete record.

**C. The Receiver's Recommendation Does Not Determine Ownership**

The Receiver recommends that the remaining Receivership funds be distributed to the United States because further distributions to employees or creditors would not be cost-effective.

Mr. Backus respectfully submits that this recommendation addresses administrative efficiency. It does not resolve the separate legal question of ownership.

Accordingly, before adopting the Receiver's recommendation, the Court should determine:

- whether the United States has established a legal basis for

remaining Receivership Estate;

- whether Mr. Backus retains an ownership interest in those assets; and
- whether the Final Accounting accurately reflects all property that entered the Receivership Estate.

**D. Federal Equity Requires a Complete Accounting Before Final Distribution**

Federal courts supervising receiverships have broad authority to require complete accountings before approving the final administration of a receivership estate. The Court's responsibility includes reviewing the Receiver's administration of the estate and determining whether the proposed distribution is equitable under the facts of the case. (Justia)

According to Mr. Backus, unresolved questions remain regarding unfinished billing, accounts receivable, company vehicles, payroll obligations, payroll tax liabilities, business equipment, and personal property.

If the Court determines that additional assets should have been preserved, collected, or accounted for, those findings may materially affect both the value of the Receivership Estate and the appropriate final distribution.

**E. Application of These Principles**

Mr. Backus respectfully submits that application of these governing principles supports the following conclusions:

1. The Court should independently evaluate the Receiver's recommendation rather than treat it as dispositive.
2. The Court should determine the lawful ownership of the remaining Receivership Estate before ordering a final distribution.
3. The Court should ensure that the Final Accounting completely identifies the assets received, administered, and ultimately remaining within the Receivership Estate.
4. The Court should resolve any outstanding obligations that it determines should properly be satisfied from the Receivership Estate.
5. If the Court concludes that Mr. Backus retains the lawful ownership interest in the remaining Receivership Estate and that no legal basis has been established requiring those remaining assets to be distributed to the United States, the Court should order the remaining property returned to Mr. Backus after payment of any obligations the Court determines should properly be satisfied from the estate.

For these reasons, Mr. Backus respectfully submits that the governing law and the Court's equitable authority support adoption of his Alternative Proposal rather than the Receiver's recommendation.

## XII. THE GOVERNMENT HAS NOT ESTABLISHED A SUFFICIENT LEGAL BASIS FOR DISTRIBUTION OF THE REMAINING RECEIVERSHIP ESTATE TO THE UNITED STATES

The Receiver recommends that, following payment of approved Receivership fees and expenses and completion of the Court-authorized employee distribution, the remaining Receivership Estate be distributed to the United States.

Mr. Backus respectfully submits that, before adopting that recommendation, the Court should determine whether the United States has established a legal basis in this proceeding for receiving the remaining assets of the Receivership Estate.

### A. The Receiver's Recommendation Does Not Resolve Ownership

The Receiver's recommendation is directed to the administration and proposed conclusion of the Receivership. While the Receiver has recommended distribution of the remaining funds to the United States, the Receiver's recommendation is not itself a judicial determination of ownership.

The ultimate responsibility for determining the ownership and disposition of the remaining Receivership Estate rests with this Court.

Accordingly, Mr. Backus respectfully submits that the Court should independently determine whether the remaining property should be distributed to the United States or returned to its lawful owner after resolution of all lawful obligations.

### B. The Criminal Proceedings Against Other Defendants Do Not Independently Determine Mr. Backus's Property Rights

The record reflects that other defendants in related criminal proceedings entered guilty pleas.

Mr. Backus respectfully submits that those guilty pleas establish the criminal liability of the individuals who entered them. They do not, standing alone, adjudicate Mr. Backus's ownership interest in Evergreen Recovery or determine the proper disposition of the remaining Receivership Estate.

Mr. Backus was not a party to those guilty pleas, and he respectfully submits that his ownership interest must be determined based upon the evidence relating to him and the applicable law governing this receivership.

Accordingly, Mr. Backus respectfully requests that the Court evaluate his ownership claim independently rather than treating the criminal resolutions involving other individuals as dispositive of his rights.

**C. The Court Should Determine Whether the Remaining Assets Are Properly Subject to Distribution to the United States**

Mr. Backus respectfully submits that the existence of surplus funds at the conclusion of a receivership does not, by itself, establish that those funds should be distributed to the United States.

Rather, before directing such a distribution, the Court should determine:

1. What assets remain within the Receivership Estate;
2. Whether those assets have been fully identified and accounted for;
3. Whether all lawful obligations that should properly be satisfied from the Receivership Estate have been addressed;
4. Whether the United States has established a legal entitlement to receive the remaining property in this proceeding; and
5. Whether Mr. Backus retains the lawful ownership interest in those remaining assets.

Only after making those determinations can the Court equitably resolve the final distribution of the Receivership Estate.

**D. Mr. Backus's Ownership Claim Warrants Independent Consideration**

According to the evidence that Mr. Backus intends to submit, he is the founder, sole shareholder, and lawful owner of Evergreen Recovery.

Mr. Backus further represents that:

- he complied with the Court's Receivership Order by relinquishing operational control of the company;
- he cooperated with the Receiver and the Government throughout these proceedings;
- according to the motion submitted by the United States of America, the Department of Justice ultimately declined to pursue criminal charges against him; and
- no order entered in this action has adjudicated that his ownership interest in the remaining Receivership Estate has been extinguished or transferred to the United States.

Mr. Backus respectfully submits that these facts warrant an

independent judicial determination of ownership before any remaining assets are distributed.

**E. Equity Supports Returning the Remaining Assets to Mr. Backus if the Court Finds His Ownership Claim Prevails**

Mr. Backus does not contend that every asset must automatically be returned to him.

Rather, he respectfully requests that the Court first:

- approve a complete and accurate Final Accounting;
- determine that all material Receivership assets have been identified and accounted for;
- resolve any lawful obligations that should properly be paid from the Receivership Estate;
- determine whether the United States has established a legal basis to receive the remaining assets; and
- determine the lawful ownership of the remaining Receivership Estate.

If, after making those determinations, the Court concludes that Mr. Backus retains the lawful ownership interest in the remaining Receivership Estate and that no legal basis has been established requiring distribution of those remaining assets to the United States, Mr. Backus respectfully requests that the Court order the remaining assets returned to him.

Such a disposition would conclude the Receivership in a manner consistent with the Court's equitable authority, the evidentiary record, and the legal rights determined by the Court.

Accordingly, Mr. Backus respectfully requests that the Court decline to adopt the Receiver's proposed distribution to the United States and instead enter an Order returning the remaining Receivership Estate to Mr. Backus after payment of those obligations that the Court determines should properly be satisfied from the Receivership Estate.

**XIII. CONCLUSION**

The Court appointed the Receiver to preserve and administer the Receivership Estate while this action proceeded. According to Mr. Backus, that purpose has now been fulfilled. The business has ceased operations, the Receiver has substantially completed the administration of the estate, and the Court is now called upon to determine the proper disposition of the remaining Receivership assets.

Mr. Backus respectfully submits that the evidence presented to the Court establishes that he is the founder, sole shareholder, and lawful owner of Evergreen Recovery, Inc. He further submits

that, while the Court properly exercised its equitable authority to appoint a Receiver, no order entered in this proceeding has adjudicated that his ownership interest in the remaining Receivership Estate has been extinguished, transferred, or otherwise divested.

Mr. Backus further respectfully submits that the guilty pleas entered by other defendants resolved only the criminal liability of those individuals. Those proceedings did not adjudicate Mr. Backus's ownership rights, nor did they, by themselves, determine the proper disposition of the remaining Receivership Estate. The question now before this Court is the equitable administration and final distribution of the Receivership Estate based upon the record developed in this civil action and the governing law.

As set forth throughout this Proposal, Mr. Backus respectfully contends that significant issues remain concerning the Receiver's Final Accounting, including the treatment of unfinished billing, legitimate accounts receivable, company vehicles, payroll obligations, payroll withholding tax liabilities, business equipment, business property, personal property, and other assets that entered the Receivership Estate. Mr. Backus respectfully requests that these issues be resolved before the Court authorizes any final distribution.

After reviewing the Final Accounting, the evidence submitted by the parties, and the applicable law, Mr. Backus respectfully requests that the Court determine:

1. That the Receivership Estate has been fully and accurately accounted for;
2. That all lawful obligations properly chargeable to the Receivership Estate have been identified and resolved as the Court deems appropriate;
3. That Mr. Backus is the lawful owner of the remaining Receivership Estate, if supported by the evidence and the Court's findings;
4. That no sufficient legal basis has been established in this proceeding requiring distribution of the remaining Receivership Estate to the United States, if the Court so concludes after reviewing the record;
5. That the remaining Receivership Estate should be returned to Mr. Backus following payment of any obligations the Court determines should properly be satisfied from the estate; and
6. That the Receivership should thereafter be terminated and

the Receiver discharged upon completion of all duties required by the Court.

WHEREFORE, David Backus respectfully requests that this Court deny the Receiver's proposed distribution of the remaining Receivership Estate to the United States to the extent it is inconsistent with the Court's findings regarding ownership, grant Mr. Backus's Alternative Proposal, order the remaining Receivership Estate distributed to Mr. Backus if the Court determines that the evidence and governing law support that relief, terminate the Receivership, discharge the Receiver upon completion of the Court's Final Order, and grant such other and further relief as the Court deems just, equitable, and proper.

Respectfully submitted,

**David Backus** DB
Defendant, Pro Se
Dated: 9.18.26